## Case No. 5,966.

### HALSEY v. HURD et al.

[6 McLean, 14.] [1]

Circuit Court, D. Michigan. June Term, 1853.

WRITS—DEFECTIVE SERVICE—EFFECT OF PLEA IN ABATEMENT.

A plea in abatement is not a waiver of process. The plea may be abandoned, and a motion to quash the writ for a defective service, may be substituted. Where there has been no personal service, the requisites of the statute which are in place of it, must be strictly complied with.

[Cited in Van Antwerp v. Hulburd, Case No. 16,826; Rubel v. Beaver Falls Cutlery Co., 22 Fed. 284; U. S. v. American Bell Tel. Co., 29 Fed. 28.]

At law.

Howard & Wendall, for plaintiff.
Mr. Frazer, for defendant.

OPINION OF THE COURT. A motion is made to set aside the process in this case, on the ground that it has not been properly served. The endorsement on the writ is "Copy left at defendant's place of business." The law requires, personal service or a copy left "at defendant's usual place of abode." A plea to this effect being filed, it is abandoned, and the motion is substituted.

It is objected, that defendant by filing the plea appeared in the case, and that he cannot, under such circumstances, abandon the plea. But the court held, that a plea in abatement by the party is not an appearance which constitutes a waiver of process, and also that the service was defective. Where a personal service of process is not made, the requisites of the statutes substituted for it, must be strictly complied with. The copy should have been left at the residence of the defendant, and not at his place of business.