Lucas *v.* Farrington.

HARVEY B. LUCAS, Plaintiff in Error, *v.* SAMUEL S. FARRINGTON, who sues as S. S. Farrington, Defendant in Error.

ERROR TO WASHINGTON.

The fact that the clerk has copied an affidavit in support of a motion for security for costs into the record, is not sufficient; the affidavit should appear in a bill of exceptions. Exception should also be taken to the ruling of the court denying the motion.

The replication to a plea of misnomer, that a party is as well known by one name as another, is good.

An interlocutory judgment by default for the part of the debt claimed, not denied by a plea, is proper, and where the issue raised by the plea is submitted for trial and a finding is had, unless the contrary appears, it will be presumed that the debt, answered and unanswered, was submitted to the jury, and incorporated into the finding.

In an action of debt, where the finding is only for a part of the debt due, upon which a judgment is rendered, it is not necessary to specify which part is debt and which damages; it is all debt.

DEBT by note in the Washington Circuit Court, brought by defendant in error against plaintiff in error. Declaration in the usual form; amount of debt, $372.55; damages, $200.

Summons in debt, issued 4th March, 1857, against plaintiff in error, in favor of defendant in error, plaintiff in the court below, for $372.55; damages, $100; returnable to March term, A. D. 1857, of said court. Returned, "Not served."

On the 21st day of May, 1857, another summons issued from said court against plaintiff, and in favor of defendant, returnable to August term of said court. Returned, "Served," on the 25th day of May, 1857. On the 25th of August, 1857, motion was made by plaintiff in error, on affidavit, for a bond for costs, which motion was denied.

At the August term, A. D. 1857, plaintiff in error pleaded in abatement that the plaintiff in the court below, and defendant in error, who sued as S. S. Farrington, was called and known by the name of Samuel S. Farrington, instead of S. S. Farrington; to which the defendant in error replied, that he was as well known by the name of S. S. Farrington as by the name of Samuel S. Farrington; whereupon the plaintiff in error filed a demurrer to said replication, which was overruled by the court.

Plaintiff in error, at same term of court, then filed a plea setting up that, as to the sum of $300, parcel of the sum above demanded, he had paid and satisfied the same by bill of exchange, which was received by the defendant in full satisfaction of the sum of $300; which plea the defendant traversed in his replication. Defendant in error then asked for judgment by default, which was entered for $72.55, part not answered by

plea. Plaintiff in error then moved for a discontinuance of the suit, which motion was overruled. A jury was empanneled, by order of the court, who returned a verdict for the sum of $186, and costs, upon which the court rendered judgment for $186, and costs.

The plaintiff brings the cause into this court by writ of error, and seeks to reverse the judgment of the Circuit Court of Washington county,

1st. Because the court overruled the motion to dismiss for want of cost bond.

2nd. Because the court overruled the demurrer to replication to plaintiff's plea in abatement.

3rd. Because the court rendered judgment by default for $72.55, part of declaration unanswered.

4th. Because the court overruled the motion to discontinue suit, after rendering judgment for the part unanswered, as aforesaid.

5th. Because the court empanneled a jury to try said cause after the suit was discontinued in law, and rendered a judgment for $186, and costs, against plaintiff in error, on the verdict of the jury.

6th. Because the judgment of the court does not specify whether said judgment was rendered for debt or damages, or for what portion of the claim of the defendant in error the said judgment was rendered.

7th. Because there are two separate final judgments rendered against the plaintiff in error in one suit.

Nelson & Johnson, for Plaintiff in Error.

S. J. Hicks, for Defendant in Error.

Breese, J.    We cannot know whether the Circuit Court decided correctly or not, in refusing to dismiss the suit for want of a bond for costs, the affidavit on that motion not having been made a part of the record, by bill of exceptions. Nor does the record show that any exception was taken to the decision of the court overruling the motion. This objection, therefore, is not properly before this court. *Selby* v. *Hutchinson, Adm'r*, 4 Gilm. R. 326. The fact that the clerk has copied the affidavit into the record, does not make it a part of the record. *McDonald* v. *Arnout*, 14 Ill. R. 58.

The demurrer to the replication to defendant's plea of misnomer of plaintiff, was properly overruled, for the replication tendered a proper and triable issue. That a party is known as well by one name as by another, makes a good replication to

such plea, even if the Christian or given name is made up of initials only.  He may, if he chooses, risk an issue on that.

It was proper to enter an interlocutory judgment by default for that part of the debt not answered by plea, and then to take issue on the matter of fact alleged in the plea.  No other course could be pursued without working a discontinuance.  1 Chit. Plead. 509.

The action was debt, and the verdict of the jury finds only a part of the debt due, for which the court renders judgment. Hence there was no necessity, as is urged, of specifying what part was debt, and what part damages.  It is all debt, and so found by the jury, without any damages.

The last error assigned, that there are two judgments, one by default for $72.55, and one for $186.00, the amount found by the jury, is not true in fact.  There is but one judgment, and we must presume, on the default being taken for the portion of the debt not answered, the same jury that tried the issue, assessed the damages on the default, and incorporated them into their finding on the issue, making them a part of the verdict, and for which the court rendered judgment.  This we must presume the jury did do, there being no evidence to the contrary.  This being so, we cannot discover wherein any error has been committed.  We must presume the verdict of one hundred and eighty-six dollars was made up of the amount not answered to, and of the balance due on the note, and included the whole indebtedness, as there is nothing in the record to the contrary.

Our first impressions were, there was error in the proceedings, and accordingly we pronounced a judgment of reversal; but more mature consideration has satisfied us there is no error, and we avail of the act of the last session of the General Assembly, authorizing us to correct inadvertent or mistaken judgments, by now directing that the judgment be entered as affirmed.

*Judgment affirmed.*