Cook *v.* Wood et al.

---

ISAAC COOK, Plaintiff in Error, *v.* DANIEL T. WOOD *et al.,* Defendants in Error.*

#### ERROR TO COOK.

After a term has expired, a court has not discretion or authority at a subsequent term to set aside a judgment, but may amend it in mere matter of form, after notice has been given to the opposite party.

Application to change a judgment, after a term has closed, should be made to a court of equity; or resort must be had to a writ of error.

THIS action was commenced by Cook, against Wood and his sureties, the latter having been a deputy under the former as sheriff of Cook county.

A demurrer was sustained to the declaration at November term, 1856. The plaintiff had leave to amend his declaration, and the defendants leave to plead by Wednesday morning following.

At April term, 1857, a default was entered against the defendants, and reference was had to the court to assess the damages. The action was in debt on a bond. At the same term at which the default was taken, but forty-seven days afterwards, a judgment was rendered, and damages assessed on the breaches at $5,382.17.

At October term following, to wit, on the ninth day of November, a motion was made by the defendants to open the default, on affidavits, which the court, MANNIERE, Judge, presiding, allowed. The affidavits were to the effect, that it was supposed that the suit had been dismissed. The cause was again submitted to the same judge, who assessed the damages at $137.07.

The plaintiff below brought the cause to this court, and assigns for error:

---

* This case was heard at April Term, 1859.

| | |
|---|---|
| 24 | 295 |
| 125 | 474 |
| 24 | 295 |
| 129 | 221 |
| 24 | 295 |
| 131 | 509 |
| 24 | 295 |
| 37a | 313 |
| 24 | 295 |
| 141 | 647 |
| 40a | 303 |
| 24 | 295 |
| 149 | 181 |
| 149 | 266 |
| 152 | 50 |
| 44a | 440 |
| 24 | 295 |
| 50a | 596 |
| 24 | 295 |
| 156 | 174 |
| 158 | 194 |
| 24 | 295 |
| 162 | 53 |
| 53a | 28 |
| 57a | 616 |
| 24 | 295 |
| 59a | 397 |
| 24 | 295 |
| 66a | 529 |
| 24 | 295 |
| 165 | 422 |
| 24 | 295 |
| 80a | 247 |
| 24 | 295 |
| 85a | 43 |
| 24 | 295 |
| 200 | 1373 |
| 201 | 129 |
| 201 | 1130 |
| 201 | 2130 |
| 24 | 295 |
| 105a | 1245 |
| 24 | 295 |
| 108a | 1202 |
| 24 | 295 |
| 111a | 1483 |

1.  That the court allowed the defendants to file additional affidavits in support of their motion to set aside the judgment.

2.  That [the court set aside the judgment by default, and subsequent proceedings thereon had.

3.  That the court sustained the demurrer of the defendants to the second and third breaches assigned in the narr.

4.  That the judgment of the court below was for the defendants in error upon said demurrer.

W. T. BURGESS, for Plaintiff in Error.

E. C. LARNED, for Defendants in Error.

BREESE, J. It is unnecessary to consider but one question presented by this record, as the determination of that, decides the case. The question is, had the Circuit Court power to set aside a judgment regularly entered by default against the defendants, on motion made for such purpose, at a term subsequent to the term at which the default was entered? We are free to admit, the rulings of the courts in the different States, upon this point, are by no means uniform, and no well considered decision of this court has been cited on the point. In *Kerr and Bell* v. *Whiteside*, Breese, Appendix, 6, the defendant's default was entered at March term, 1824, and the motion to set it aside at March term, 1825, which was allowed. After several continuances, at a subsequent term, July term, 1827, the plaintiff failed to appear and was nonsuited, and judgment rendered against him for the costs. On error brought, he assigned as the principal error, the setting aside the previous judgment by default against the defendant. The court being equally divided in opinion, the judgment of the court below, setting aside the default, was affirmed.

In a subsequent case, *Garner and Aydelott* v. *Crenshaw*, 1 Scam. 143, it was held, that after one full term had elapsed, it was too late to apply to set aside a default. It was also ruled in this case, that such application is addressed to the sound legal discretion of the court, and that no writ of error will lie to correct the erroneous exercise of this power.

In the case of *O'Conner* v. *Mullen*, 11 Ill. R. 57, this court held, that Circuit Courts can allow amendments of their records during the term at which a judgment is rendered, without notice; and may allow amendments in matters of *form* at a subsequent term, if notice, actual or constructive, has been given to the opposite party.

This is the extent to which the decisions have gone in this court, and they do not settle the question now presented. In

the case of *Garner* v. *Crenshaw*, the motion was made after a term had intervened. Here it was made at the term next after the default was taken, and the judgment entered up. There it was held, that setting aside a default was an exercise of the discretionary power of the court, which could not be inquired into on appeal or writ of error. We have a right to suppose in that case, a default only, which is interlocutory merely, had been taken, and no formal judgment entered upon it. The court say, the entering the default was an interlocutory order. In this case, a formal and regular judgment on the default was entered, and the term had expired. We admit, that the power to set aside a default is a discretionary power, but hold, that it must be exercised during the term at which the default was taken, and whilst the record, in legal contemplation, is still in the breast of the court. The judgments are, then, *in fieri*, and are amendable at common law. When the judgment is perfected by the solemn consideration of the court, and duly entered on the records of the court, and the term closed, and the court adjourned, the same court which rendered the judgment, cannot have, and ought not to have, any supervisory power over it, at a subsequent term, except to amend it in mere matters of form, on notice to the opposite party, as in *O' Conner* v. *Mullen*, and as allowed by our statute of Amendments and Jeofails.

The case was not regularly on the docket at the term at which the motion was made to set the judgment aside. The power of the court over the case had been previously exhausted, and was at an end, and no power existed to decide on it again, or to change opinions once given, or make new decisions. Errors of law, of any kind, which may be supposed to have crept into the judgment at a previous term, cannot be considered a sufficient justification for revising and annulling it at a subsequent term, in a summary way, on motion. The authorities are full to this point. In *Cameron* v. *McRoberts*, 3 Wheat. 591, the court say, the Circuit Court of the United States for the district of Kentucky, had not power over its decree, so as to set the same aside, on motion, after the expiration of the term in which it was rendered. *Assessors of Medford* v. *Dorsey*, 2 Wash. C. C. R. 433 ; *The Avery*, 2 Gallison, 386 ; *Jackson* v. *Ashton*, 10 Peters, 480 ; *Washington Bridge Co.* v. *Stewart*, 3 Howard, 413 ; *Jenkins* v. *Eldridge*, 1 Woodbury & Minot, 61 ; *Catlin* v. *Robinson*, 2 Watts, 373 ; *Stephens* v. *Cowan*, 6 ib. 511, are to the same effect.

The same general rule obtains in England. 2 Tidd's Prac. 975; 2 Arch. Prac. 243.

It is hardly correct to say, as was said in *Garner and Aydelotte* v. *Crenshaw*, that it is the exercise of a discretionary power not subject to a revision here. After the term has expired, it would seem that the day of discretion had passed, and for any relief against the judgment, as obtained by fraud or otherwise, involving no *laches* on the part of the defendant, application should be made to a court of equity, or if error has intervened, to this court, by writ of error. There would be much danger likely to ensue if the security of titles, founded on judicial proceedings, could be invaded by the exercise of an arbitrary and uncontrollable discretion of the courts over their own records. The limitations imposed by law on writs of error might also become of little worth.

These views do not deprive courts, at a subsequent term, of the power to set right, matters of mere form in their judgments, or to correct misprisions of their clerks, or of the right to correct any mere clerical errors, so as to conform the record to the truth. Irregularities in notices and similar proceedings can also be amended ; in short, any amendments permissible under the statute of Amendments and Jeofails, may be proper at subsequent terms, and even after writ of error brought.

But for relief for errors in law, there can be no other appropriate proceedings, than by new trial, bill in chancery, writ of error, or appeal, as either may be found most appropriate and allowable by law. Judgments entered up by fraud might, perhaps, on due notice by *scire facias*, or otherwise, be vacated at a subsequent term by the same court. Untainted with fraud, they must stand until set aside by this court.

The judgment of the Circuit Court, setting aside the default and the judgment thereon, and opening the case, must be reversed, and the original judgment in favor of the plaintiff must stand.

*Judgment reversed.*