Smith *v.* Wilson.

GRAY, AVERY & BUSHNELL, for Appellant.

B. C. COOK, for Appellees.

---

GEORGE SMITH, Appellant, *v.* JOHN B. WILSON, Appellee.

### APPEAL FROM COOK.

An affidavit filed in the progress of a cause to be considered by this court, should be in a bill of exceptions.

A party who is not in a condition to be forced to proceed, cannot force his adversary to do so.

A court has not discretion at a term subsequent to the rendition of its judgment, to set it aside, but it may amend in matters of form, after notice given.

A party is entitled to notice of a proceeding to reinstate a cause.

In this case the appellee below, on the dismissal of his cause in the Circuit Court, should have prayed an appeal, or sued out a writ of error.

WILSON recovered a judgment against Smith before a justice of the peace, from which Smith took an appeal to the Circuit Court of Cook county.   Two writs of summons were issued out of the Circuit Court, both of which were returned "not found."

The alias writ of summons was returned on the 3rd of September, 1860. At the October term following, Smith had the suit dismissed at plaintiff's cost for want of prosecution. The attorney of Wilson then filed his affidavit, stating that Wilson could readily have been served with process at any time, that in his absence Smith fraudulently and unauthorizedly caused the suit to be dismissed, when the cause had not been called on the docket, and that it had not yet been so called. That Wilson is ready for trial, and has a meritorious cause of action; and prayed that the cause might be reinstated.

At the following term, in November, the Circuit Court reinstated the case, and entered a judgment by default, dismissing the appeal, and for ten per cent. damages. From this judgment Smith prayed an appeal to this court.

M. W. FULLER, for Appellant.

C. A. GREGORY, for Appellee.

BREESE, J. At the regular October term, 1860, of the Circuit Court of Cook county, a judgment was entered therein, dismissing a suit pending there by appeal, in which the defendant in error was the appellee and plaintiff below, and the plaintiff in error the appellant and the defendant below. Summons had been duly issued against the appellee, and duly returned "not found." An *alias* was issued subsequently, and in proper time returned "not found." On motion of the appellant, the suit was dismissed for want of prosecution, and a judgment rendered for costs against the appellee.

At the next November term, the appellee entered his motion, founded upon affidavit, to reinstate the cause, which was done, and the appeal was dismissed. The appellant there brings the case here by writ of error, and assigns this action of the court as the error in the record.

The defendant in error, by agreement, has assigned cross-errors going to the regularity of the proceeding by the court at the October term, in dismissing the suit before the cause was reached for trial. That, as the appellee then was not in a position to force the appellant to trial, so neither could the appellant force the appellee. An affidavit is also found in the record, showing that the appellee might have been served with the summons at any time, but the appellant did not seek to serve it; and that appellee had no notice that a motion would be made to dismiss the suit, and that on learning it had been dismissed, at the next term the motion was made to reinstate, which was allowed.

We may observe here, that this court has repeatedly held that affidavits and other papers not intrinsically parts of a record, are not made so by the fact that the clerk has incorporated them into the record. They are extrinsic, *dehors* the record, and can only be made a part of it by bill of exceptions. *Corey* v. *Russell*, 3 Gilman, 366; *Edwards and Wife* v. *Patterson*, 5 Gilman, 126; *McDonald* v. *Arnout*, 14 Ill. 58; *Lucas* v. *Farrington*, 21 Ill. 31.

Of course, then, the defendant in error cannot avail of the affidavit, and his case must be disposed of regardless of it, and of the facts stated in it.

On the return of a summons in the case "not found," the cause stood continued to the next term, at which term it stood for trial *de novo*, as though process had been served, when called in its order. (Scates' Comp. 709.) We have said, in the case of *Hooper* v. *Smith*, 19 Ill. 53, that a party in court cannot force his adversary to act, until he, himself, is in a condition to be forced to proceed. Now, here the appellant was in no such condition, and the judgment of dismissal of the suit, which he had entered on his own motion, was irregular.

But the question arises, how must advantage be taken of this irregularity. The case of *Cook* v. *Wood et al.*, 24 Ill. 295, answers the question. We there say, after a term has expired, a court has no discretion or authority at a subsequent term to set aside a judgment. It may amend it, in mere matter of form, after notice to the opposite party. We adhere to the conclusions reached in that case.

But a fatal objection to this proceeding, independent of that case, consists in the fact that no notice was given the opposite party of the motion to reinstate. It is well settled that notice in such cases is indispensable. The only notice with which the plaintiff in error was chargeable, was of the day of trial after the cause was reinstated.

On the dismissal of the suit at the October term, 1860, the appellee should have taken an appeal, or sued out a writ of error. That was his remedy. At the ensuing November term, the case was off the docket—it had no longer a place in court, and the court had no jurisdiction over it to reinstate it.

The judgment of the Circuit Court is reversed, and the cause remanded.

*Judgment reversed.*