HUGH MAHER, impleaded with Edward Kelley, Appellant, *v.* CADWALLADER BULL, Appellee.

APPEAL FROM THE SUPERIOR COURT OF CHICAGO.

A service of process which states that the party served was informed of the contents of the writ, and that he accepted service, is insufficient.

An acknowledgment of service in writing upon the process, might estop the party from denying the sufficiency of the service.

BULL commenced an action of covenant in the Superior Court of Chicago, against said appellants.   Damages were laid at $3,000.   Summons was issued and served on the same day. The following is a copy of the amended return of service of the officer, to wit:

" Served the within writ on the within named Hugh Maher, by informing him of the contents of the within writ, and he accepting service, the 12th of October, 1860; the other defendant not found in my county, 12th October, 1860.

JOHN GRAY, Sheriff.
By GEORGE ANDERSON, Deputy."

A declaration was filed.

The default of the appellant was taken, and the damages were assessed by the court without a jury, at $1,104.10, and judgment rendered for that amount and costs, against appellant.

On the 21st day of December, 1860, execution was issued by the court on said judgment for said sum of $1,104.10, and $7.85 costs.

On the 24th day of December, 1860, appellant gave notice to attorneys of appellee that he should, on Wednesday, the 26th day of December, 1860, move said Superior Court to set aside said judgment and execution, and all proceedings thereunder had, on the following affidavits, and for the causes and reasons therein set forth, to wit:

The affidavit of George Anderson; also of Edward Kelley;

also of said appellant, which are severally in the words and figures following, to wit:

George Anderson, being first duly sworn, on oath saith, that for and during the month of October last past, and up to the 19th day of November last past, he was one of the deputy sheriffs of Cook county, Illinois, duly qualified and acting as such. This affiant further saith, that Hugh Maher, one of the defendants in the above entitled suit, accepted service of the summons in said suit without reading the same to him. Affiant also saith, that the said Hugh Maher accepted service of the summons in said suit, for his co-defendant, Edward Kelley, and that said Maher told this affiant that he, said Maher, and the said Kelley, were jointly interested in said suit, and that this affiant need not see said Kelley about the summons; that said Maher further said, at the time last aforesaid, that the said defendants had a good defense to said suit, and would attend to the same; that said Maher was about starting to Springfield at the time this affiant served said summons. This affiant further saith, that he did not serve said summons on Edward Kelley, but returned the same, served as directed by defendant Maher. And further saith not.

GEORGE ANDERSON.

Subscribed and sworn to, etc.

Edward Kelley, being first duly sworn, saith, that he is one of the defendants in the above entitled suit; that he has a good defense to said suit on the merits. This affiant further saith, that he was not served with summons in said suit; that he did not employ counsel in the same; that he had no knowledge from any person whatever, at any time, of the pendency of said suit; that the first intimation that affiant had in relation to said suit, or the existence of the same, was on the twenty-second day of December instant, when the sheriff of said county, by William B. Gray, his deputy, came to the office of this affiant with an execution in favor of said plaintiff, Bull, and against the goods and chattels of this affiant, and his co-defendant, Hugh Maher. This affiant further saith, that he did not appear in said suit, either in his own proper person nor by counsel; nor did he authorize any other person so to do for him; nor did he know, of his own knowledge, nor was he informed by his co-defendant, Maher, or any other person whatever, that there was such a suit pending in this or any other court, against this affiant and said Maher, until the 22nd day of December instant, as above stated; and further saith not.

EDWARD KELLEY.

Subscribed and sworn to, etc.

Hugh Maher being first duly sworn, on oath saith, that he is

one of the defendants in the above suit; that he has no recollection of George Anderson, one of the deputy sheriffs of Cook, ever serving or offering to serve the summons in the said cause upon this affiant, but affiant saith that the said Anderson did serve other summons on this affiant about the time the return of said summons shows it to have been served. This affiant further saith, that he did not know of the pendency of this suit; did not communicate the fact of the pendency of this suit to his co-defendant Kelley; did not appear and plead to the same, nor did he in any manner have knowledge of the existence or pendency of the same until the 22nd day of December, 1860, when for the first time he learned that a judgment had been rendered for over one thousand dollars in favor of said Bull, and against this affiant and his co-defendant Kelley. This affiant further saith, that a suit in chancery is now pending in this court between the same parties, relative to the same subject matter, and that he did not believe that any other suit was pending between said Bull and these defendants, other than the suit in chancery; and that if said Anderson said anything to this affiant about a summons, this affiant understood and supposed it to relate to the suit in chancery, and no other. This affiant further saith, that he and his co-defendant Kelley have a good defense to said suit on the merits; and believe that upon a full hearing of the same, a judgment will be rendered in favor of the defendants in said suit. And further saith not. HUGH MAHER.

Subscribed and sworn to, etc.

On the 28th day of December, 1860, the Superior Court set aside said default and execution as to the said Kelley, and overruled said motion to set aside either said default or execution as to said appellant, and said court amended said judgment so entered by default, so as to stand and remain in force against said appellant alone, to which decision of said court so overruling said motion, and amending said judgment and execution, so as to remain in force only against said appellant, he, the said appellant, then and there excepted and prayed an appeal to the Supreme Court, which was by said Superior Court granted, on filing of bond with security, which was done.

Errors assigned:

That the said Superior Court erred in overruling the said motion of this appellant to set aside judgment and execution, and permit this appellant to plead to the merits of said action of covenant.

That the said Superior Court erred in overruling the said motion of this appellant, to set aside said judgment rendered by default against this appellant and said Kelley, and in rendering final judgment in said cause on said motion against this appellant.

City of Peoria *v.* Kidder.

That the judgment and proceedings of said Superior Court are erroneous, and said court erred in this : said court should have set aside said judgment and execution on said motion as well against this appellant as the said Edward Kelley.

That said court erred in not deciding said motion upon said affidavits in favor of this appellant, as well as in favor of said Edward Kelley, and erred in not setting aside said default, and allowing this appellant to plead to the merits in said action.

That the said court erred in not rendering judgment for this appellant on said motion, and granting instead of refusing said motion.

W. W. DRUMMOND, and H. BRACKETT, for Appellant.

E. ANTHONY, for Appellee.

CATON, C. J.   The service in this case was this : " Served the within writ on the within named Hugh Maher by informing him of the contents of the within writ, and he accepting service the 12th of October, 1860." This service was not sufficient. The statute requires the service to be by reading or by copy.  If he had acknowledged service in writing upon the process, it might have estopped him to deny a sufficient service.  But in this case there was neither the service required by the statute nor its full equivalent.  The officer says he informed the defendant of the contents of the writ ; but in this he may have misunderstood the substance of the writ.  The defendant was not bound to take the understanding of the officer of the purport of the writ.  If the particular mode of service required by the statute can in any case be dispensed with, it can only be where the court can see that the information conveyed to the defendant was quite as full and beneficial as if the service had been in strict conformity to the statute.

The judgment below is reversed.        *Judgment reversed.*