## DANIEL P. VANMETER *et al.*

### *v.*

## PLEASANT DURHAM *et al.*, Administrators of THOMAS W. LYON, deceased.

WRIT—*service.* The return upon a summons in assumpsit was as follows : "The within named Daniel P. Vanmeter waived reading, and accepted service, this 29th day of March, 1862." The service was insufficient to authorize a default.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. CHARLES R. STARR, Judge, presiding.

In an action of assumpsit instituted in the court below by the administrators of Lyon against the plaintiffs in error, the summons was properly served upon one of the defendants therein, and as to the other, the sheriff returned that "the within named Daniel P. Vanmeter waived reading, and accepted service, this 29th day of March, 1862."

Subsequently, a default was taken against both the defendants below, and upon an assessment of damages being had, final judgment was entered; thereupon they sued out this writ of error, and insist that the Circuit Court erred in rendering the judgment, because there was no service of process upon Daniel P. Vanmeter.

Messrs. GLOVER, COOK & CAMPBELL, for the plaintiffs in error.

The return of service of a summons, which states that the party was informed of the contents of the process, and accepted service, is insufficient. *Maher* v. *Bull*, 26 Ill. 348.

Messrs. LELAND & BLANCHARD, for the defendants in error.

Mr. CHIEF JUSTICE CATON delivered the opinion of the Court.

This is the return of service of which complaint is made: "The within named Daniel P. Vanmeter waived reading, and accepted service, this 29th day of March, 1862. JAMES W. BURGESS, Sheriff." In *Maher* v. *Bull*, 26 Ill. 348, we decided that such a service as this, is insufficient, and hence it is unnecessary to multiply words on the subject. Our reasons for this opinion are there given.

The judgment is reversed, and cause remanded.

*Judgment reversed.*