CRARY <em>v.</em> BARBER.

SERVICE OF PROCESS *must be shown by the record.* The record must show that the defendant was duly notified of the proceedings against him, or that he appeared in the district court.

SERVICE OF ATTACHMENT — *how made.* The statute regulating the service of writs of attachment requires the sheriff to read the writ to the defendant named therein, or to deliver to him a true copy thereof, and personal service cannot be obtained except in one of these ways.

*In serving a writ of attachment* a sheriff cannot substitute his own language for that of the writ, or cull from the writ such facts as he believes to be material for the information of the defendant, but the language of the writ must be used.

*A return to a writ of attachment* — That the name of the plaintiff, the amount claimed, and when and where the defendant was to answer the complaint of the plaintiff was read to the defendant, is not sufficient.

NOTICE BY PUBLICATION — *what is sufficient.* Where the statute requires that notice of the pendency of an attachment suit shall be published in a newspaper for four weeks, it is not sufficient to publish such notice for twenty days.

APPEARANCE *for the purpose of objecting to the service of process.* If a defendant file written objections to the manner of serving process and limit his appearance to the purpose of the motion, this is not a general appearance in the cause.

APPEARANCE — *what amounts to.* An order of court which sets out that the parties came by their attorneys, and on plaintiff's motion leave was granted to amend the sheriff's return and the declaration and the cause was con tinued, does not show a general appearance in the cause by the defendant.

<em>Error to District Court, Gilpin County.</em>

Mr. Justice GORSLINE did not participate in the decision.

Mr. E. T. WELLS, for plaintiff in error.

Messrs. JOHNSON & TELLER, for defendants in error.

HALLET, C. J.   The motion to dismiss the writ of error has not been argued, and, perceiving no reason for allowing it, we proceed at once to consider the errors assigned.   The plaintiff in error claims that he was not served with process or otherwise legally notified of the pendency of suit in the court below.   If this is true, the judgment must be reversed, inasmuch as a court has not authority to render judgment without notice to the party to be charged thereby.   Nor can we indulge in a presumption that the plaintiff in error was duly notified of the proceedings against him, or that he appeared in the district court in the absence of record evidence of that fact.   *Rany et al.* v. *The Governor,* 4 Blackf. 2 ; *Anderson* v. *Brown,* 9 Mo. 638.

There were several writs issued out of the district court, all of which were returned *non inventus* as to the defendant named therein except one, to which the sheriff returned, that the defendant had accepted service and subsequently modified his return as follows: "I do further return that the service made on said defendant, Beebe D. Crary, was made by reading to said Beebe D. Crary the name of the plaintiff in said writ and the amount claimed, and when and where the said defendant was to answer the complaint of the plaintiff."

The statute regulating the service of writs of attachment requires the sheriff to read the writ to the defendant named therein, or to deliver to him a true copy thereof, and it is not contended that personal service can be obtained except in one of these ways.   It is said, however, that the sheriff complied with the statute substantially by reading to the plaintiff in error the material facts contained in the writ, but we cannot agree to this.   The sheriff said nothing to the plaintiff in error of the ground upon which the attachment issued, the filing of the affidavit and bond and other facts set forth in the writ.   But if the contents of the writ had

been fully stated to the plaintiff in error, the language of the writ must have been used or the service would not be effectual. The law prescribes the form of the writ, and commands the sheriff to read it, or furnish a copy of it, and this duty must be faithfully performed. We cannot permit a sheriff to substitute his own language for that of the writ, or to cull from the writ such facts as he believes to be material for the information of the defendant named therein and communicate them to him. The law provides for communicating to the defendant in the writ the language of the writ and the whole of it, trusting to his intelligence to comprehend its meaning, and without this there is no service. The principle upon which this point must be decided has been frequently recognized by the courts, and we do not think it necessary to discuss it at length. *Maher* v. *Bull*, 26 Ill. 348; *Chickering* v. *Failes*, id. 519 ; *Halsey* v. *Hurd et al.*, 6 McLean, 14.

A notice of the pendency of the suit was published in a newspaper for twenty days, but as the statute requires such notices to be published for four weeks, it was not claimed upon the argument that such publication was in any way effectual.

The transcript of the record contains a motion filed in the district court by the plaintiff in error, which probably ought not to be noticed, since it has not been preserved in the record by bill of exceptions or otherwise. *Pomeroy's Lessee* v. *Bank of Indiana,* 1 Wal. (U. S.) 592 ; *McDonald* v. *Arnout*, 14 Ill. 58 ; *Douglas* v. *Park et al.*, 43 id. 146.

If, however, it is claimed that we have cognizance of it, we do not perceive that by filing written objections to the manner of serving the process, the plaintiff in error entered his appearance to the action, especially as he limited his appearance to the purpose of the motion. *Malcolm* v. *Rogers*, 1 Cow. 1 ; *Nye* v. *Liscomb*, 21 Pick. 263.

There is an entry in the record as follows :

" This day came the said parties by their attorneys, and on motion of plaintiff, it is considered by the court that the sheriff have leave to amend his return on the writ in this

cause, and that said plaintiff have leave to amend his declaration, and that this cause stand continued to the next term of this court."

The question is presented whether such an appearance by the plaintiff in error is shown in this order, as warranted the court in entering judgment against him. It seems that the several orders, here incorporated in one, were made at the instance of the defendant in error. The plaintiff in error, although present at the time the order was entered, asked no relief, but remained a silent spectator of the proceedings. We may say that he assented to what was done upon the motion of the plaintiff below, to wit: the amendment of the declaration and the sheriff's return, and the continuance of the cause; but is there any thing in this showing an intention to submit himself to the jurisdiction of the court? We think not. For aught that appears, he may have intended to object to the regularity of the proceedings, if his adversary should take action prejudicial to him. There is nothing to show his intention, and if we are left to conjecture his object in going there, it is quite as reasonable to suppose that he was there for the purpose of objecting to the insufficient return of the sheriff, as for any other purpose. We do not doubt that a party may submit his person to the jurisdiction of a court, and thus bring himself completely within its power. But such submission is not effected by entering the court room merely and witnessing the proceedings of the court. It may be effected by engaging in the controversy with his adversary, opposing him in the forum with the weapons known to the law, but not by unresisting silence and acquiescence merely. We are aware, that it has been held, that an appearance for the purpose of making a motion will be regarded as a full appearance to the action, unless the mover limits his appearance to the purpose for which he is then in court. It will be seen that such cases are distinguishable from this, inasmuch as in those cases the parties who were held to have entered an appearance were participating·in the proceedings and invoking the aid of the court, while here the plaintiff in error asked nothing and

did nothing. If one enter the field as a combatant, we may fairly conclude that he was duly notified of the conflict, and fully prepared for it when he came upon the ground. If he stand by calmly awaiting the attack of his adversary, no such conclusion is deducible from his conduct. The voluntary appearance of a party to an action is undoubtedly sufficient to enable a court to proceed to judgment against him according to its recognized methods, but in every case the fact of such appearance ought to be clearly established. The right of every defendant to his day in court is inviolable, and in every case it ought clearly to appear that he has enjoyed it. We find in this record nothing to show that the plaintiff in error was served with process, or that he entered an appearance to the action in the district court, and therefore the judgment of that court is reversed, with costs, and this cause is remanded for further proceedings.

*Reversed.*