### JOHN P. GOUCHER

*v.*

### ALMIRA E. PATTERSON.

1. AMENDMENT—*of record at succeeding term.* After the expiration of the term at which a judgment is rendered, as a general rule, the court has no power over the judgment, except to amend it in matters of form or to correct clerical errors.

2. During the term at which a judgment is rendered, the court has control over the record, and for a sufficient cause appearing, may amend its judgments and decrees or vacate and set them aside, but when the term is ended, the judgment entered, and the case goes off the docket, that power ceases and an amendment of a substantial character can not be made.

3. SAME—*after term closes affidavits can not be received to impeach or alter the record.* After the close of a term at which a judgment is rendered, its absolute verity can not be overcome or even attacked by affidavit.

4. ERROR—*when no ground of reversal.* It is a familiar rule that an error which does no harm is not a sufficient ground to reverse a judgment. Thus, where an order was made referring a cause to an attorney for trial, and afterwards at the same term the parties waived a jury and submitted the cause to the court for trial, who heard the evidence and rendered a judgment for the plaintiff, it was held, that if the order of reference was erroneous, it worked no injury and afforded no ground of reversal.

WRIT OF ERROR to the Appellate Court for the Third District.

Messrs. SOMERS & WRIGHT, for the plaintiff in error:

The court erred in making the order referring the cause to J. S. Jones for trial. Judicial power can not be delegated.

*Hoagland* v. *Creed,* 81 Ill. 506; *Bishop* v. *Nelson et al.* 83 id. 601; *Cobb* v. *The People, etc.,* 34 id. 511.

The court has at all times the power to vacate a void judgment. *Burwell* v. *Orr et al.* 84 Ill. 465. The record should have been amended so as to show the court did not try the case.

Mr. ALEXANDER M. AYERS, and Mr. HOMER W. AYERS, for the defendant in error:

While a cause is still pending and undetermined the court has control over the records and proceedings in the cause and over any final orders of a pending term, and, for good cause shown, may amend or set them aside. But after the term has passed, unless the cause is still pending and the parties are in court, its power over the record is confined to errors and mistakes of its officers. *McKindley* v. *Buck,* 43 Ill. 488; *Cook* v. *Wood,* 24 id. 295; *Coughran* v. *Gutcheus,* 18 id. 390; *State Savings Institution* v. *Nelson,* 49 id. 171; *Becker* v. *Sauter,* 89 id. 596; *Smith* v. *Wilson,* 26 id. 188; *Humphreyville* v. *Culver, Page, Hoyne & Co.* 73 id. 485.

The transcript of the record shows that the parties waived a jury and submitted the cause to the court for trial, and even if Jones did as a referee hear the evidence and determine the amount due and report the same to the court, in doing so he did not do nor attempt to do any judicial act, but did what he was authorized to do by the act of the legislature. Session Laws 1871 and 1872, p. 662; *Haynes et al.* v. *Hays,* 68 Ill. 203.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

The application to amend the record of the judgment in this case at the September term, 1876, came too late. The judgment was rendered at the September term, 1875, of the circuit court, and after that term expired, as a general rule, the court had no power over the judgment except to amend it in matters of form or to correct clerical errors. *State*

*Savings Institution* v. *Nelson,* 49 Ill. 171; *Becker* v. *Sauter,* 89 id. 596.

An affidavit was filed in support of the motion for the purpose of impeaching the record of the judgment. That can not be done. After the adjournment of a term at which a judgment is rendered, its absolute verity can not be overcome or even attacked by affidavit. *Humphreyville* v. *Culver et al.* 73 Ill. 485. During the term at which a judgment or decree is rendered, the court has control over the record, and for sufficient cause appearing, may amend its judgments and decrees, or vacate and set them aside, but when the term is ended, the judgment entered and the case passes off the docket, that power ceases and an amendment of a substantial character can not be made. *Cook* v. *Wood,* 24 Ill. 295; *Cairo and St. Louis Railroad Co.* v. *Holbrook,* 72 id. 419; *Church* v. *English,* 81 id. 442.

It appears from the record that at the September term, 1875, and on the 9th day of October, an order was entered by the court in these words: "And now come the parties, by their respective attorneys, and by their agreement it is ordered by the court that this cause be and it is hereby referred to J. S. Jones, an attorney of this court, for trial." It is contended on behalf of plaintiff in error that this order is erroneous; but it will not, however, be necessary to inquire into the validity of this order, because no one has been injured by it; and it is a familiar rule that an error that does no harm is not sufficient ground to reverse a judgment. The record fails to show that any steps were taken or proceedings had under this order, but on the other hand, after the order was made and on the 20th day of October the record does show that the parties, by agreement, waived a jury and a trial was had before the court; that the court heard all the evidence and argument of counsel and rendered a judgment in favor of the plaintiff. Now, although the order referring the cause to Jones for trial may have been made without authority, yet when the record affirmatively shows that after the order was

made a trial in all respects formal was had before the court, and a proper judgment rendered by the court, we perceive no ground upon which the plaintiff in error can take any advantage of the order.

It is also contended that the judgment is void. This position is, however, predicated upon the hypothesis that the case was not tried or the judgment rendered by a court, a position not sustained by the record. So far as is shown by the record, a regular trial was had before the circuit court and a judgment in all respects formal rendered by the court. A judgment rendered in this manner can not be impeached by *ex parte* affidavits presented in support of a motion to vacate, entered long after the term has closed at which the judgment was rendered.

As we perceive no error in the record, the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*