## Windett v. Murphy.

1. Practice—*After the Term is Over.*—When a suit is dismissed the trial court has no authority to reinstate it after the term is over.

Memorandum.—Appeal from justice's court. In the Circuit Court of

Cook County; the Hon. FRANCIS ADAMS, Judge, presiding.   Appeal from
an order dismissing the suit.   Heard in this court at the March term,
1893, and affirmed.   Opinion filed July 6, 1893.

The opinion states the case.

ARTHUR W. WINDETT, appellant, *pro se*.

WM. J. AMMEN, attorney for appellee.

OPINION OF THE COURT, GARY, P. J.

The appellee here had appealed to the Circuit Court from
a judgment recovered against him by the appellant here,
before a justice of the peace.

On the 9th day of June, 1892, which was during the May
term of the Circuit Court, that court—rightly or wrong,
makes no difference on this appeal—dismissed the suit.   On
the 28th day of June, 1892, being then in the June term,
as the terms begin on the third Monday of each month, the
appellant moved the court to set aside the order dismissing
the suit.   Many other steps thereafter become immaterial
in the view we take of the case.

The only relief that will do the appellant any good is to
set aside the dismissal of his suit and reinstate his case.
Nothing is shown on the record of the May term from
which it can be urged that the dismissal was erroneous.   It
is only by what appears by affidavit, made after that term
had passed, as to what took place in court when the suit
was dismissed, that any error can be alleged, and the power
of the court over the case had ended with the end of the
May term.   Cook v. Wood, 24 Ill. 295, and Smith v. Wilson,
26 Ill. 186, have been constantly followed in later cases.

The court below had no authority to reinstate the case
after the May term was over, and whether the steps by
which it ultimately reached the only result to which its
authority extended, were regular or not, need not be con-
sidered.   Affirmed.