**Oliver H. Cully v. The People of the State of Illinois, for the use of M. F. Dunlap, Trustee for Martha C. Darnell and the Residuary Legatees of Lucretia C. Green.**

BILL OF EXCEPTIONS—*Motion for a Continuance.*—An affidavit upon which is based a motion for a continuance in the trial court can be made a part of the record of a case only by a bill of exceptions.

Debt. Appeal from the Circuit Court of Morgan County; the Hon.
OWEN P. THOMPSON, Judge, presiding.   Heard in this court at the Novem-
ber term, 1897.   Affirmed.   Opinion filed February 9, 1898.

MORRISON & WORTHINGTON, attorneys for appellant.

M. T. LAYMAN and FRED H. ROWE, attorneys for
appellee.

MR. JUSTICE BURROUGHS DELIVERED THE OPINION OF
THE COURT.

This was an action in debt brought in the court be-
low, in the name of the people, for the use of M. F.
Dunlap, trustee for Martha C. Darnell and the residu-
ary heirs of Lucretia C. Green, on an alleged bond of
Wm. T. Potts, as trustee, and against said Wm. T.
Potts, John H. Potts and appellant, as his sureties.

It is averred in the declaration, in substance, that by
the will of Lucretia C. Green, Wm. T. Potts and one
Austin B. Green were appointed trustees of a trust
fund created by said will, for said Martha C. Darnell,
etc.; that said Austin B. Green refused to accept said
trust; that said Wm. T. Potts accepted it, and on the
eleventh day of April, 1891, executed his bond to The
People, etc., as trustee under said will, in the penal
sum of $1,600, conditioned for the faithful carrying out
of said trust, etc.; and that said bond was delivered to
the clerk of the County Court of Morgan County, and
filed in his office for the use of said Martha C. Darnell,
etc.; and was approved by the Probate Court of said
county; that the condition of the bond was that said
Wm. T. Potts would faithfully perform the duties of
the trust, etc.; that at the November term of the Cir-
cuit Court of Morgan County the resignation of said
Wm. T. Potts, as trustee, was accepted, and M. F.
Dunlap appointed his successor as trustee to take charge
of said fund; that an accounting of said trusteeship

was had before said court, and that Wm. T. Potts was ordered to pay to his successor, M. F. Dunlap, within thirty days, the sum of $843.35.    The breach as signed is that said Potts did not pay over to his successor said sum.

No service of process was had upon defendant Wm. T. Potts and cause was continued as to him.    A default was taken against John H. Potts.    Appellant Cully filed four pleas.    Plea number one was withdrawn.    Number three was not insisted upon by appellant.    Numbers four and five are pleas of entire want of consideration. (stated in slightly different phraseology).    A general demurrer was filed to pleas three, four, and five, and was sustained to all said pleas; appellant excepted and elected to stand by his pleas. Appellant, then, with leave of court, refiled plea number two which is *non est factum*, verified by his affidavit, and appellee took issue on said plea.

A jury was waived by the parties, and the cause submitted to the court upon the same evidence heard by the court, and the same objections made, and rulings and exceptions, as in another case in the court, tried before this, being the case of "The People of the State of Illinois, etc., for the use of M. F. Dunlap, trustee for Walter S. and Edith L. Green, v. Oliver H. Cully, impleaded, etc." and which case, by appeal, is on the docket of this court at this term, as No. 55 and being "Oliver H. Cully impleaded, etc., v. The People, etc., for the use of M. F. Dunlap, Trustee, for Walter S. and Edith L. Green; in which we file an opinion the same date as in this.

Counsel for appellant have filed in this case the same brief and argument as in said No. 55 of this term; and on page 30 thereof they further say:  "In this case appellant entered a motion in the court below for a continuance, and supported it by his affidavit, which

was admitted by plaintiff (appellee here); whereupon the motion for a continuance was overruled  *   *   * and thereupon this case was submitted to the court (below) upon the same evidence heard in the principal case (The People, etc., for the use of M. F. Dunlap, trustee for Walter S. and Edith L. Green, v. Oliver H. Cully) (No. 55 on our docket). The only substantial difference between the two cases being the effect of the admission by plaintiff (appellee) of said affidavit for a continuance."

We have examined the transcript of the record of the court below, in this case, filed in this court by appellant, and we find in the *bill of exceptions* therein, *no motion for a continuance* appears to have been made by appellant, and no affidavit in support thereof, as claimed by counsel for appellant.

We do find, however, at pages 10 and 11 of said transcript, that the clerk of the court below does certify that "On the first day of July 1897, the following 'Motion for Continuance' was filed herein, which was in the following words and figures, to wit:" And then follows the style of the cause and what might be an affidavit, but it seems not to have been signed or sworn to by anyone, and is no part of the bill of exceptions contained in said transcript. This is not sufficient to warrant us in considering the motion for a continuance, or the affidavit that it is claimed was presented. The clerk of said court can not make an affidavit presented with a motion in the court below, a part of the record of a case. It can only be done by a bill of exceptions, certified by the judge who presided when the case was heard. See McDonald v. Arnout, 14 Ill. 58; Lucas v. Farrington, 21 Ill. 31; Van Cott v. Sprague, 5 Ill. App. 99, and the cases therein cited.

So we are precluded from considering anything in this case, except what is properly in the record herein.

Therefore this case is the same precise condition as to the questions presented and to be determined by us, as were in said case No. 55; and for the reasons given in our opinion in that case, we affirm the judgment in this.    Judgment affirmed.