## Matej Pisa v. Estate of Marie Rezek.

1. PRACTICE—*Final Judgment Can Not be Set Aside at a Subsequent Term.*—A court can not set aside or vacate a final judgment at a term subsequent to that at which it was rendered.

2. SAME—*Counter Affidavits on a Motion to Vacate an Order Dismissing an Appeal.*—Counter affidavits may be filed on a motion to vacate an order dismissing an appeal.

Claim in Probate.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding. Heard in this court at the October term, 1902. Affirmed. Opinion filed May 28, 1903.

Statement.—Appellant filed a claim against the estate of Marie Rezek in the Probate Court, which that court disallowed, and appellant appealed to the Circuit Court from the order disallowing her claim. A transcript of the proceedings in the Probate Court was filed in the Circuit Court December 16, 1901, and the appearance of the heirs of Marie Rezek was entered in the latter court April 3, 1902. April 19, 1902, the Circuit Court entered an order dismissing the appeal, and June 7, 1902, appellant moved the court to vacate that order, which motion the court overruled.

Appellant's motion to vacate the order of dismissal was supported by the affidavits of Charles A. Fanning and Joseph C. Pisha, and by certain rules of court put in evidence by appellant. Fanning deposes that he was a member of the firm of Fanning & Herdlicka, attorneys for

appellant; that April 3, 1902, notice was served on affiant's firm by the attorneys for the heirs of Marie Rezek, that on Friday, April 4, 1902, they would move the court to dismiss said appeal, and that afterward said motion was, by agreement, placed on the contested motion calendar, in the court presided over by Hon. Richard S. Tuthill, and that the first contested motion calendar thereafter heard in said court was heard Saturday, April 19, 1902, prior to which last mentioned date the court had adopted and caused to be entered of record the following rules:

### " NOTICE—WHEN REQUIRED.

Rule 11.    Parties shall take notice of all calls of the calendar.    No motion will be heard or order made in any cause without notice to the opposite party, when an appearance of such party has been entered, except where a party is in default or when a cause is reached on the call of the calendar.

### NOTICE—HOW GIVEN.

Rule 12.    Notice to the opposite party must be in writing, state the motion, designate the judge before whom the same is to be made and the place of hearing, and be served by delivering a copy to such party or his attorney of record before 4 P. M. of the day preceding the day mentioned in the notice for calling up such motion, but all notices served on Saturday shall be served before twelve o'clock noon of that day.

The service of a motion upon an attorney by leaving a copy thereof at his office, in his absence, with a clerk or other person in charge of such office, shall be regarded as a service upon such attorney.

### MOTIONS AND DEMURRERS.

Rule 14.    Motions of course are heard on the opening of court and before the call of the docket by the judge on whose trial calendar the cause has been placed or to whom said cause has been duly assigned.    All such motions shall be placed upon a motion calendar and will be called and disposed of in their order upon such calendar.    All motions not of course shall be made in writing, and when founded on matters of fact not otherwise appearing by the pleadings or other proceedings in the cause, such facts must be presented by affidavit, which shall be filed with the motion, and a copy thereof served with the notice of the motion.    Coun-

ter affidavits may ordinarily be filed in opposition to such motion, but counter or supplementary affidavits will not be allowed on application for continuances, or in application for security for costs, or for sureties on appeal bonds to justify or to set aside defaults.

Rule 15. Motions not of course or contested motions will be heard on each Saturday of the term, after disposition of motions for new trial on that day, one day's notice in writing having been previously given. The clerk will from time to time prepare a calendar of contested motions upon which such motions will be placed in the order in which notice thereof is given to him. A peremptory call of such motions will be made when ordered by the court, of which three days' notice will be given in the Law Bulletin."

Affiant further deposes that the Law Bulletin mentioned in rule 15 is a daily publication published in Chicago, for the purpose of giving the daily transactions in all the courts of record in Cook county, and of the business to be transacted the following day, etc.; that the Bulletin issued Friday afternoon, April 18, 1902, containing the contested motions to be heard Saturday, April 19, 1902, did not include the said contested motion; that no notice was served on affiant or his firm, or on appellant, as required by said rules 12 and 15; that affiant relied on the assurance afforded by said want of notice under said rules and the want of notice by said Bulletin, that said motion would not be taken up or disposed of April 19, 1902, and so did not appear in court on said day, and was not present, nor was any member of affiant's firm, or appellant, present at that time. A list of motions for April 19, 1902, published in the Law Bulletin of April 18, 1902, is made a part of the affidavit, and the motion in question is not in the list. Joseph S. Pisha deposed that the said motion to dismiss the appeal was pending on the contested motion calendar of Judge Tuthill April 19, 1902, and that three days' notice of the calling of the same was not given in the Law Bulletin.

Certain counter affidavits were filed by the attorneys for the heirs in opposition to the motion to vacate the order dismissing the appeal, which affidavits appellant moved the court to strike from the files, but the court overruled the motion.

Pisa v. Estate of Marie Rezek.

JONES & LUSK, attorneys for appellant.

KRAUS, ALSCHULER & HOLDEN, attorneys for appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

Counsel for appellant argue that because neither appellant nor his attorneys had notice that the contested motion to dismiss the appeal would be called up for disposal on the contested motion calendar February 19, 1902, the court was without jurisdiction to dispose of the motion. In support of this proposition counsel cite authorities to the effect that the rules of court, not in conflict with any statute, are the law of the court, and have, " with reference to practice in the court, all the binding effect of a statute." This may be conceded to be the law, but the question remains whether non-compliance with these rules of practice affects the jurisdiction of the court, or is merely an error remediable in a court of review, when the question is properly presented to such court. In the present case the appeal was taken from the Probate to the Circuit Court, as provided by the Probate Court Act, and stood for trial *de novo* in the latter court. Hurd's Rev. Stat. 1901, p. 571, Sec. 11.

The appearance of the heirs was entered in the Circuit Court, and the administrator of the estate of Marie Rezek, deceased, was bound to follow the appeal, and was in court, in legal contemplation. The transcript of the proceedings in the Probate Court was filed in the Circuit Court October 24, 1901, more than four terms before April 19, 1902, when the appeal was dismissed. The court then, at the last date, had complete jurisdiction of the persons and the subject-matter. Assuming, for the sake of the argument, but not deciding, that motions placed on the contested motion calendar, as provided by rule 15 of the writ, or by agreement, as in the present case, could not regularly be called up for disposition, except on notice to the opposite party or his attorneys, in accordance with rules 12 and 14, and on notice in the Law Bulletin, as provided by rule 15; yet, if the motion is called up and disposed of without such notice having been given, this is a mere irregularity, or error, and

does not affect the jurisdiction. The rules are merely regulative of the practice. While in some of the cases cited by counsel it has been held error for the court to disregard its rules of practice, no case has been cited, nor has it been held in any case known to us, that such disregard affects the question of jurisdiction.

Appellant's counsel say in their argument:

" As to all matters requiring actual notice the parties are not in court without such notice. The constructive presence of the parties in court, which is jurisdiction, can not be obtained without notice is served as required by the rules."

We regard this proposition as untenable. A rule so construed would be manifestly against the statutes of the state, which give to service of process on a defendant the effect of investing the court issuing the process with jurisdiction of the person of the defendant. A court can not, by its rules, divest itself of, limit or restrict the jurisdiction conferred on it by law. The court having had jurisdiction of the persons and the subject-matter when the order was made dismissing the appeal, and a number of terms of the court having intervened between the term when the order was entered and June 7, 1902, when the motion to vacate the order was made, the court was powerless to allow the motion. The judgment dismissing the appeal is final and binding on the parties, and the law is thoroughly settled in this state by a long line of decisions, that a court can not set aside or vacate such a judgment at a term subsequent to that at which it was rendered. Cook v. Wood, 24 Ill. 295; In re Burdick, 162 Ib. 48, 53.

We do not think it necessary to consider the counter affidavits further than to say that appellant's motion to strike them from the files was properly overruled. Hartford Ins. Co. v. Rossiter, 196 Ill. 277, 280.

If, however, the court was without jurisdiction to set aside the order of April 19, 1902, as we hold, all questions with respect to the affidavits are immaterial.

The judgment will be affirmed.