# HENRY F. EAMES *et al.*

## *v.*

## THE GERMANIA TURN VEREIN.

1. LIEN *of a money decree.* Where a decree finds a specific sum of money due from one party to another, and orders a sale of specific property, and in case not enough is realized from such sale to pay the amount that an execution issue, such decree is a money decree, within the meaning of the fourteenth section of the chapter entitled Chancery, of the Revised Statutes of 1845, and becomes a lien upon the real estate of the party against whom it is rendered, the same as a judgment at law.

2. The lien of a money decree, like that of a judgment at law, only continues for one year after it is rendered, unless an execution is issued within that time.

APPEAL from the Circuit Court of Cook county; the Hon. JOHN G. ROGERS, Judge, presiding.

Messrs. SLEEPER & WHITON, for the appellant.

Mr. ADOLPH MOSES, for the appellees.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

Appellees, being desirous of erecting a hall for the use of their society, and of purchasing a suitable site for the same, entered into negotiations with the agents of appellants for the purchase of certain real estate in the city of Chicago.    A written agreement was entered into, by which appellees were to pay $33,000, in installments, the deferred payments to draw eight per cent interest.    Five hundred dollars was paid when the writing was executed, and was to be part of a $9,000 payment in cash. The purchasers were to have ten days for the examination and approval of title, after being furnished with an abstract.    If it proved not to be good, the $500 thus paid was to be refunded, but in case no valid objections were found, and the first payment not made, the sellers were to hold the deposit, as liquidated damages, and the contract to become null and void. Time was made of the essence of the contract.    Appellees to receive a good and sufficient warranty deed, and to give notes and trust deed as security for the deferred payments.    The contract was dated June the 8th, 1870, and the abstract of title was soon after furnished.

An attorney was consulted, and he pronounced the title good. Thereupon appellees paid at various times the aggregate sum of $2,500 on the purchase.    The time for the first payment was extended.    But a member of the organization not being satisfied with the title, had it examined by Rosenthal & Pence, who decided that the property was subject to the lien of a decree of over $51,000.    The vendors were informed of the fact, and promised to have it removed, or to have it made right. Notice was given to Rosenthal & Pence by Eames, that, unless payments were made according to the terms of the agreement, he would resell, and in case of loss would hold the company

liable for the difference. He also stated that he was prepared to convey a perfect title in fee, on appellees complying with their contract. And appellees gave notice that they declared the contract ended on account of the lien of the decree.

An action was brought by the company to recover back the money paid on the purchase. A trial was had before the court, resulting in a judgment in favor of plaintiffs, from which defendants have appealed to this court.

The decree against Gage was rendered on the 17th day of June, 1868, when he was the owner of this property sold by Eames and wife to appellees. Eames and wife subsequently acquired Gage's title to the portion of the property which they sold to appellees. And to this portion of the property no other objection is interposed to the title, but the supposed lien of the decree against Gage. It finds that Gage and others were indebted to Lawrence in the sum of $51,288.99, and they were ordered to pay it in ten days, or in default thereof that the property involved in that suit should be sold by the master, and if it failed to produce a sum sufficient to pay the decree, that then an execution should issue for the balance. This was strictly in accordance with the act of 1865 (Sess. Laws, p. 36).

Was this decree a lien on the property of Eames and wife at the time of the sale? The fourteenth section of the chapter entitled "Chancery" R. S., 1845, declares that "a decree for money shall be a lien on the lands and tenements of the party against whom it is entered, to the same extent and under the same limitations as a judgment at law." That this was, either in whole or in part, a money decree, we think cannot be controverted. It finds a specific sum to be due, decrees its payment, orders specific property to be sold, and if the proceeds of the sale are not sufficient to pay the decree, it awards a general execution. Although the specific property is ordered to be sold, it is none the less a money decree. It is for the payment of money, and for the performance of no other act. The sale of the specific property is but a mode of having execution from property upon which there was a lien. And the de-

cree became a lien on the property of the defendants, precisely as it would had the decree been a judgment at law rendered by the same court.   Under our attachment laws, when there is service or appearance the judgment is *in personam,* and a special execution first issues, and if the sale is insufficient to discharge the judgment, a general execution may issue for the balance.   In such a case no one would doubt that the judgment would be a lien on real estate, as in other cases. This decree is in all essential features the same as such a judgment.

We are clearly · of opinion that under this section this decree became a lien, and was such under the first section of the chapter entitled " Judgments and Executions," of the same revision.   But it only continued to be a lien for one year after the decree became such, unless an execution was sued out within that time, under the decree.   This record fails to show that such an execution was ever issued.   It will be observed that the decree was rendered on the 17th day of June, 1868, and affirmed at the September term of this court, of the same year.   So that more than one year had elapsed, as the execution could have issued at any time after the decree was affirmed, and more than a year before the contract was entered into by Eames for the sale of the land, which bears date on the 8th of June, 1870, and the refusal by appellees to proceed under the agreement was some time later.

The fourteenth section of the chancery code imposes the same restrictions on the lien of a money decree that are imposed on a judgment at law.   The lien of a judgment only continues one year unless execution is sued out before the expiration of that time.   Such a decree as this, by the terms of the statute, is under the same limitations.

We are referred to the act of 1865, in appellees' argument, but the title of the act, its date, or the page of the volume where found, is not given.   We have turned to the laws of that session, and find the act of February 16, 1865, page 36, which, we presume, is the one to which reference is made.   It

provides, that in foreclosing mortgages, the court may render a decree for the balance above what shall be paid by sale of the mortgaged property, conditionally at the rendition thereof, or absolutely after the sale of the property, and the balance is ascertained, and award execution for the collection of the same. This section undoubtedly authorized a money decree in the case, but it in nowise has any bearing on the lien such a decree should be on other property than the mortgaged premises.

As what is not shown is presumed not to exist, we must conclude that no execution was ever issued on the decree, and if not, then it was not a lien on this property of Eames and wife when sold. And that is the only objection urged against their title, and none is urged against Laflin's. It thus follows that appellees had no right to refuse to proceed with the fulfillment of their agreement to purchase. And as appellants were not in default on their part, appellees had no right to rescind and recover back the purchase money they had paid. Having failed to show that this decree was a subsisting lien at the time of sale, on the portion of the property sold by Eames, appellees have failed to show a right to recover, and the judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*