# CASES

IN THE

# APPELLATE COURTS OF ILLINOIS.

SECOND DISTRICT—MAY TERM, 1885.

F. L. ROBERTS, Adm'r,

v.

JOHN LAWRENCE ET AL.

1. DEBT—SECURITY FOLLOWS.—Extinguishment of a debt, the principal, involves the security, its incident, in the same fate; but a mere change in the form or evidence of the debt as to renewal note or judgment, will not discharge or impair the security unless it is so intended.

2. MERGER.—The lien of a mortgage is not merged in the decree for its foreclosure.

APPEAL from the Circuit Court of Whiteside county; the Hon. J. V. EUSTACE, Judge, presiding. Opinion filed May 23, 1885.

Messrs. MANAHAN & WARD, for appellant; that the mortgage remains as security for the debts secured thereby, whatever changes may subsequently be made in the form of such indebtedness, cited Flower v. Ellwood, 66 Ill. 446; Worcester Nat. Bk. v. Cheeney, 87 Ill. 603; Darst v. Bates, 95 Ill. 493; Wyman v. Cochrane, 35 Ill. 155.

A decree for the payment of money on the foreclosure of a mortgage is substantially of the same effect as a judgment at law: Eames v. Germania, 74 Ill. 56; R. S. 1845, § 14, p. 95; R. S. 1874, § 44, p. 203.

(453)

Roberts v. Lawrence.

The merger of a note in a judgment does not extinguish the debt, and the mortgage continues the lien until it is satisfied or the judgment is barred by the Statute of Limitations: Hendershott v. Ping, 24 Ia. 134; Tousey v. Cook, 116 Mass. 163; Priest v. Wheelock, 58 Ill. 114; Darst v. Bates, 51 Ill. 439; Hamilton v. Quimby, 46 Ill. 90; Applegate v. Mason, 13 Ind. 75; Peck's Appeal, 31 Conn. 215; Emory v. Keighan, 88 Ill. 485.

Mr. J. E. McPHERRAN, for appellee; that when an action upon a note is barred by the statute no foreclosure can be had of a mortgage given to secure its payment, cited March v. Mayers, 85 Ill. 177.

A bar of the statute at law forms a bar in equity, and equity follows the law in allowing the Statute of Limitations as a defense: Pollock v. Maison, 41 Ill. 516; Locke v. Caldwell, 91 Ill. 417.

PLEASANTS, P. J.   On August 16, 1859, David C. Cushman and Eliza, his wife, executed to Edward H. Kirk a mortgage of lot 9, in block 60, of the town of Sterling (the title to which and five others, together constituting their homestead, was in said Eliza), to secure a note of said David of that date for one hundred dollars, due in two years, with interest at eight per cent. per annum, which was duly recorded on the 18th day of the same month.

On May 27, 1865, said Kirk having died and the note remaining unpaid, his administratrix obtained against the mortgagors, upon personal service of process, a decree of foreclosure, finding the amount then due and directing the master, in default of its payment by the time therein limited, to sell said lot, saving to Mrs. Cushman the proper porportion of her homestead interest therein.

The decree was never executed, but was sold and assigned by the administratrix, under authority, to pay in part a debt of the estate to Sarah T. Roberts, appellant's decedent.

On June 12, 18⁷⁻  Mrs. Cushman, then a widow, executed a mortgage of the six lots referred to for the purpose of securing a debt of $890.92 to James D. Bingham.

November 20, 1879, after the death of Mrs. Cushman, Mrs. Roberts filed the bill herein against the Cushman heirs and said Bingham, to carry her said decree into effect and foreclose the mortgage upon which it had been rendered.

In May, 1881, the executor of Bingham, then deceased, also filed a bill against said heirs to foreclose the mortgage made to him, but without making Mrs. Roberts a party and under the decree thereon the master made sale of said six lots, his certificate of which was assigned to appellee Lawrence, who obtained a deed in pursuance thereof.

Pending the proceedings upon the bill Mrs. Roberts died, and appellant, her administratrix, was substituted as complainant. Appellee alone contested her right to the relief sought, on the sole ground that the lien of the former decree having been lost by neglect to issue execution thereon within a year (Eames v. Germania Turn Verein, 74 Ill. 54), and the original note barred by the Statute of Limitations, the mortgage itself was also barred. The Circuit Court sustaining this defense dismissed the bill, and complainant appealed.

To recapitulate: the mortgage note became due in August, 1861, the decree was made in May, 1865, and this bill was filed in November, 1879. The question is whether at the time last mentioned the mortgage was barred by the Statute of Limitations.

It is settled that when a debt, which is the principal, is extinguished, discharged, or barred by limitation, the security, which is the incident, is involved in the same fate; and the debt is barred when there is no competent evidence to show it a subsisting liability within the period of the statute next before suit is brought. But it is as well settled that no mere change in the form or evidence of the debt, as to a renewal note or to a judgment, will discharge or impair the security unless it is so intended. Flower v. Ellwood, 66 Ill. 446, and cases there cited; Darst v. Bates, 95 Id. 509.

Now it is not claimed that the debt in this case has been in fact paid or otherwise discharged except by presumption of the statute from lapse of time. Had the original note remained in legal existence as the form and evidence of it, unaffected

except by time, until the 19th day of August, 1877, that presumption would apply. But the note itself was never barred by the statute. On May 27, 1835, its legal existence became merged in the higher form of a personal decree against the maker. That decree, as evidence, showed an obligation not less clear and more lasting than a renewal note, to pay the debt then found due, and also identified that debt as the same that had previously been evidenced by the note then merged. The fact that the new form contained also the quality of a lien which the old did not, could not affect its power as evidence to show for twenty years the continuance of the obligation thereby found. That period not having expired, the original debt is by the evidence shown to be still subsisting, and therefore the mortgage given to secure its payment should continue to have the effect intended, unless something has occurred since to destroy it. There is no pretense of any such thing, unless it be the acquisition by the creditor of another lien in the form of a money decree. But this he acquired from the law, which gave it exclusively for his own benefit. His neglect to avail himself of it ought not to work the forfeiture of another, to the advantage of the debtor, who is still fully bound to pay. Nor do we see on what principle, or by what analogy, the lien of the mortgage can be claimed to have merged in that of the decree. The mortgage was of record as well as the decree, and so would support a *scire facias.* It operated as a present conveyance of the mortgaged premises, defeasible by payment of the debt; while the decree, not being for a strict foreclosure, only authorized proceedings which would eventuate in such payment or a conveyance. Here are too much likeness in dignity, and too little in nature and operation to admit of the merger.

But whether the reason be sound or not, we think the conclusion is sustained by the authority of the Supreme Court in the cases cited above, and still more specifically in Priest v. Wheelock, 58 Ill. 114. Of the other cases cited we refer only to Hendershott v. Ping, 24 Iowa, 134, which is closely in point.

In Eames v. Germania Turn Verein, 74 Ill. 54, relied on by

appellee, the question here presented was not and could not be raised, because there had been no mortgage or other specific lien upon the premises there involved.   A decree against Eames' grantor to enforce a specific lien upon other premises authorized execution for any deficiency remaining after the sale of them, and there was a deficiency.   The case decided that as to such deficiency it was a money decree, and, like a judgment, a general lien upon all other real estate of the defendant, which then included the premises in question, but that this lien was lost by the failure to sue out execution within a year.   These are the only points that arose or were decided, and manifestly they have no bearing upon the case in hand.

For the reasons above given we hold it was error to dismiss the bill.   The decree is therefore reversed and the cause remanded for further proceedings in conformity with this opinion.

Reversed and remanded.