PARKER E. BAIRD

v.

JAMES POWERS.

*Filed at Ottawa November 26, 1889.*

CHANCERY—*evidence in support of decree—must be preserved in the record.* Where the evidence in a suit in chancery is not contained in depositions, and there is no report of the master embodying the evidence taken and heard, filed in the case, it is incumbent on the party seeking to sustain the decree, to preserve the evidence in the record, either by recital in the decree or by a certificate of evidence. If the evidence is not thus preserved, the decree must be reversed.

APPEAL from the Superior Court of Cook county; the Hon. EGBERT JAMIESON, Judge, presiding.

This was a bill in chancery, by appellee, against appellant, to set aside a tax sale. The appellant answered, putting in issue the material allegations of the bill. The decree is as follows:

"This cause coming on to be heard upon the bill of complaint and supplemental bill, and the answer of defendant thereto, and the court having heard the evidence in open court and the arguments of counsel, and being fully advised in the premises, finds that the complainant is entitled to the relief in his said bill of complaint, and supplemental bill of complaint prayed for. It is therefore ordered, adjudged and decreed by the court, that the complainant shall pay to the defendant the sum of $12.64, in full for all charges and interest against the complainant's real estate, viz.," lot 14, etc., "and that the tax deed and tax certificate mentioned in the bill of complaint be and the same are hereby set aside and declared null and void."

No evidence is preserved in the record. This appeal brings that decree to this court for review. Errors are assigned, to the effect that the decree is not sustained by evidence.

Mr. H. S. McCartney, for the appellant :

No facts whatever are found in the decree, and no evidence is preserved in the record. Without this the decree must be reversed. *Gage* v. *Eggleston,* 26 App. Rep. 599 ; *White* v. *Morrison,* 11 Ill. 361 ; *Nichols* v. *Thornton,* 16 id. 113 ; *Mason* v. *Bair,* 33 id. 194 ; *Waugh* v. *Robbins,* id. 182 ; *Eaton* v. *Sanders,* 43 id. 435 ; *McIntosh* v. *Saunders,* 68 id. 128 ; *Moss* v. *McCall,* 75 id. 190 ; *Marvin* v. *Collins,* 98 id. 516.

Mr. Justice Scholfield delivered the opinion of the Court : ·

It has been held many times in this court, that where the evidence is not contained in depositions duly taken and filed in the case, and there is no report of a master in chancery, embodying the evidence taken and heard on the trial, on file in the case, it is incumbent on the party seeking to sustain the decree to preserve the evidence in the record, either by a recital in the decree of the facts proved, or by a bill of exceptions, or certificate of evidence reciting the evidence given on the hearing, filed in the case, and thus made part of the record, and that when no evidence has been preserved sustaining the decree, in any of the modes indicated, it must be reversed. (*White* v. *Morrison,* 11 Ill. 365 ; *Ward* v. *Owens et al.* 12 id. 283 ; *Waugh et al.* v. *Robbins,* 33 id. 181 ; *Mason et al.* v. *Bair,* id. 194 ; *Smith* v. *Newland,* 40 id. 100.) The court here finds "that the complainant is entitled to the relief in his said bill of complaint and supplemental bill of complaint prayed for ;" yet, so far as the record discloses, this is without a particle of evidence to warrant it.

The decree is reversed and the cause remanded.

*Decree reversed.*