## ALICE M. KIRBY
### v.
## ELI G. RUNALS ET AL.

*Mortgages—Foreclosure—Injunction—Sec. 45, Chap. 22. R. S.*

1.   A litigant is bound to know facts which are matter of record.
2.   An order dismissing a foreclosure suit, wherein a final decree has been entered, is erroneous.
3.   A decree of foreclosure and sale is a final decree, and such is the rule where a report by a master is ordered, the object of requiring such report being to guard against abuse in the execution of the decree.

[Opinion filed June 30, 1890.]

APPEAL from the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding.

Mr. M. P. BRADY, for appellant.
In Johnson v. Everett, 9 Paige, 636, it was held that "a de-

Kirby v. Runals.

cree never can be said to be final when it is impossible for the party in whose favor the decision was made ever to obtain any benefit therefrom without again setting the case down for hearing before the court upon the equity reserved."

In Kane v. Whittick, 8 Wend. 219, Mr. Justice Sutherland said: "A decree does not become final because it settles one or more of the material questions involved in the case, if any other material fact or question remains undisposed of."

When it is necessary to make another application to the court, and another order is necessary to give the parties the full and entire benefit of the judgment of the court, the decree, which is the ground of the application, can not be regarded as final, and consequently no appeal can be taken from it. Butler v. Lee, 33 Howe Pr. 251.

In Fairfax v. Muse's Ex'rs, 2 Hen. & Munf. 558, in which an appeal had been allowed by the Superior Court of Chancery from a decree foreclosing the equity of redemption in mortgaged lands, but before any sale had been made or the report of the commissioners had been returned and confirmed, it was held the decree was only interlocutory.

In McCall v. Peachy, 1 Cal. 55, the same doctrine was held, and it was further said that a decree is interlocutory until the parties are completely out of court. The same doctrine is announced in Ellzy v. Lane's Ex'x, 2 Hen. & Munf. 592.

In Allen v. Belches et al., Id., 595, the same doctrine is announced.

In Cocke's Administrator v. Gilpin, 1 Robinson (Va.), 20, it was held that "where the further action of the court in the case is necessary to give completely the relief contemplated by the court, there the decree upon which the question arises is to be regarded not as final, but is interlocutory.'

Mr. A. S. BRADLEY, for appellee Taylor.

The decree of March 1, 1876, was, in its nature, final, and the modification by the Roberts order left it final, as to defendants and their assigns.

This position being the one most strenuously denied by the counsel for appellant, we have thought it best to cite a number of cases on that point.

"A decree of foreclosure and sale of the premises, in a bill to foreclose a mortgage, is a final decree." Puterbaugh Ch. Pl., 251; Graham v. Martin D. Hardin, 4 Dana (Ky.), 560.

By a noticeable coincidence, the defendant's name is the same as that of counsel for defendants in the Runals case.

In Whiting v. U. S. Bank, 13 Peters, 14, a foreclosure sale case, in which it was argued that the decree of sale was not final until the sale, Judge Story, delivering the opinion of the United States Supreme Court, says:

"In the next place, as to a sale of the mortgaged premises after the death of Whiting (the debtor), without a renewal of the suit against his heirs, * * * that depends upon this: whether the decree of foreclosure and sale is to be considered as the final decree in the sense of a court of equity, and the proceedings on that decree a mere mode of enforcing the rights of the creditor, and for the benefit of the debtor, or whether the decree is to be deemed final only after the return and confirmation of the sale by a decretal order of court.

"We are of opinion that the former is the true view of the matter. The original decree of foreclosure and sale was final upon the merits of the controversy. * * * Indeed, the ulterior proceedings are but a mode of executing the original decree, like the award of an execution at law."

This is the settled doctrine in Illinois, and the argument is stronger under our law, where there is a statutory term for redemption, and even a confirmation of the sale is not necessary. Fergus v. Woodworth, 44 Ill. 374; Walker v. Schum, 42 Ill. 462.

In the former of above cases our Supreme Court say:

"Before the sale is made the suit is terminated, the controversy is ended, and the rights of the parties to the record are fixed. The claim has ripened into a judgment or decree, and it must be presumed that all defenses have been made, and judicially passed upon and determined, and that nothing remains but for the plaintiff to have the fruit of his judgment or decree—to have execution."

In the latter of above cases they say (page 465): "The

opinion seems to prevail that when the redemption was given, the sale was in all of its parts assimilated to sales on executions at law; that a report and approval were unnecessary" (reserving, however, the right to the defendant to call for it if so advised).

"A decree to sell mortgaged premises is a final decree, and is not opened by an appeal from the decree confirming the sale." Daniell's Ch. Pl., p. 993 (3d. Ed.); citing Hey v. Schooley, 7 Ohio, 417.

GARNETT, J.   Appellant filed her bill May 1, 1888, in the Circuit Court, praying that appellees should be enjoined from causing a sale of complainant's real estate, under a decree of foreclosure rendered by the Circuit Court, March 1, 1876.   A temporary injunction was issued, but on final hearing it was dissolved, and the bill dismissed for want of equity.

The record presents, in substance, this state of facts:   In 1861 Hart L. Stewart was the owner in fee of the premises described in the bill.   He conveyed to Isaac Simmons, who executed and delivered to Eli G. Runals two mortgages thereon, dated September 1, 1864.   The mortgages secured two promissory notes of the same date, each payable to the order of Runals three years after their date.   On the 1st day of May, 1875, Runals filed a bill in the Circuit Court of Cook County to foreclose the mortgages.   On the 1st day of March, 1876, a decree was entered finding that the sum of $4,680 was due to Runals upon the mortgages; that Emanuel Sandheimer had a lien upon said sum for $4,592.28, and decreeing that the defendants, within ten days from the entry of the decree, pay to the clerk of the court the said sum of $4,680, with interest thereon at the rate of six per cent per annum from the date of the entry of the decree, with costs of suit, and that in case the defendants should make default, the premises to be sold by one of the masters in chancery of the court, and that said master bring the moneys arising from such sale into court, together with his report of the sale, without delay; and that the said Emanuel Sandheimer was entitled to receive out of the said money to be paid to the clerk of the court,

or, in default of such payment, out of the proceeds of such sale, the sum of $4,592.28, and that the said Runals was entitled to receive the balance of said sum of $4,680, interest and costs, that should remain.

Before that decree was entered John H. Roberts had been appointed receiver of Runals' estate, by order of the Superior Court of Cook County, in a creditor's suit, wherein one Harding was complainant and Runals was defendant. The receiver, hearing of the decree in Runals' favor, appeared in the foreclosure case, and upon his motion this order was entered therein by the Circuit Court, on March 18, 1876:

" It is ordered by the court that the receiver of said complainant, John H. Roberts, having appeared and moved to open this decree and vacate so much of the same as shall be necessary to protect his rights to the moneys declared to be due the said complainant, and payable, in fact, to one Emanuel Sandheimer, and a contest having arisen between said receiver and said Sandheimer as to the motion of the said Roberts and his claim to the said moneys and the fruits of said decree, and the court desiring to preserve the rights of said receiver and all of the parties in the premises, so that they may be further considered and decided hereafter, it is further ordered by the court that so much of said decree as provides for the payment of any part thereof to said Sandheimer or to said Runals, and the recitals therein contained relating to said claim of said Sandheimer, including those relating to said H. Lowey, be set aside and vacated, and that the determination of the proper party entitled to said moneys be reserved for the further order and decree of this court."

The reference to Lowey was an error, as the decree mentioned him only as having made an affidavit in support of Sandheimer's claim. No further action was taken in the foreclosure suit, or under the decree therein, until April 21, 1880, when an order was entered by the Circuit Court dismissing the suit. The order of dismissal was never disturbed, nor was any order for reinstating the case ever entered. The suit in which Roberts was appointed receiver was dismissed in 1882. By quit-claim deed, dated September 19, 1887, recorded October 12, 1887, Cecelia Reid, Anna M. McKenna and Patrick.F.

McKenna, her husband, and Joseph J. Reid, conveyed the premises to appellant. The grantors in that deed were then the owners of the equity of redemption, all of them except Patrick McKenna having been defendants to the foreclosure suit, and the consideration for the deed was stated therein as $600. By warranty deed, dated November 22, 1887, recorded the same day, Joseph J. Reid again conveyed the premises to appellant, the consideration stated therein being $7,000. In neither deed was either of the mortgagees or the foreclosure proceedings referred to, but at the time the conveyances were made to appellant her attorney had notice thereof, from an abstract of title which he examined, and the proof tended to show that at the time of such conveyances the premises were worth over $20,000.

Appellant took actual possession of the premises and has been in possession thereof ever since the deeds were made to her. All interest of Runals and Sandheimer in and to the decree of foreclosure became vested in W. Beach Taylor, one of the appellees herein, and that fact was so declared by order of the Circuit Court, entered in the foreclosure case March 24, 1888, and the master was thereby directed to proceed with the sale and pay the proceeds thereof to Taylor after deducting costs of court and expenses of sale. The sale was advertised by the master, but was prevented by the temporary injunction issued on the bill of appellant, Alice M. Kirby.

Counsel for appellant contended that the decree in this cause is erroneous.

First: Because the foreclosure decree was not final, but interlocutory only, and therefore was vacated by the order of dismissal of April 21, 1880.

Second: Even had the decree been final and not vacated, it ceased to be a lien, or enforceable as against appellant, because at the same time she purchased the premises more than seven years had elapsed since the entry of the decree, and no step had been taken to enforce the same by sale or otherwise.

Third: Since at the time the appellant purchased the premises the record of the Circuit Court showed that the suit

had been dismissed, she took the title to the premises free from the decree of March 1, 1876, because she was a purchaser in good faith and for value.

Of these, in their order. Neither Sandheimer nor Roberts made any attack on the propriety of the order of sale, but they sought to avail themselves of its benefits.

The order of March 18, 1876, had no effect on the decree of sale other than to leave the title to the proceeds for future determination as between Runals, Sandheimer and Roberts. It was not different from the direction that the proceeds of sale, to the extent of the debt, should be paid to those three persons, as their several interests might thereafter appear. This was a mere incident to the matters litigated between Runals and the owners of the equity of redemption. Pogue v. Clark, 25 Ill. 351; First Nat. Bank v. Shedd, 121 U. S. 74.

The points in the decree vital to appellant's grantors, were the existence and maturity of a debt and mortgage securing the same, the amount due, and the right of Runals to a sale of the mortgaged premises to pay the debt, interest and costs. All these questions were definitely settled by the decree, and the owners of the equity of redemption were thereby wrongfully deprived of valuable rights if the findings of the decree on those facts were not warranted.

"A judgment, decree, sentence or order passed by a court of competent jurisdiction, * * * which settles or determines a contested right, or which fixes a duty upon one of the parties litigant, is not only final as to the parties themselves, and all claiming by or under them, but furnishes conclusive evidence to all mankind that the right or duty belongs to the party to whom the court adjudged it; it is admissible in favor of any person, who may be interested, to prove the existence of such right or duty as a fact." 1 Herman on Estoppel, Sec. 340.

Of a foreclosure decree the court said, in Fergus v. Woodworth, 44 Ill. 381: "Before the sale is made the suit is terminated, the controversy is ended, and the rights of the parties to the record are fixed. The claim has ripened into a judgment or decree, and it must be presumed that all defenses

Kirby v. Runals.

have been made and judicially passed upon and determined, and that nothing remains but for the plaintiff to have the fruit of his judgment or decree—to have execution." Equally emphatic is the opinion of Story, J., in Whiting v. Bank of the United States, 13 Peters, 11, where he said that a decree of foreclosure and sale is a final decree in the sense of a court of equity, and the proceedings on that decree a mere mode of enforcing the rights of the creditor. To the same effect see Bronson v. L. & M. R. R. Co., 2 Black, 798; Grant v. Phœnix Ins. Co., 106 U. S. 429; St. L., I. M. & S. R. R. Co. v. Southern Ex. Co., 108 U. S. 24; Graham v. Hardin's Ex., 4 Dana (Ky.), 559; Hey v. Schooley, 7 Ohio (part 2), 49; Myers v. Manny, 63 Ill. 211; Freeman v. Freeman, 66 Ill. 53.

This must be the true rule when a report is not ordered by the decree. As in such cases a report of the sale and confirmation thereof by the court are not essential to the acquisition of good title by the purchaser. Walker v. Schum, 42 Ill. 462; Dills v. Jasper, 33 Ill. 262. The nature of the decree can not be said to be changed by a direction to the master to report. The object of requiring a report is not to convert the decree of sale into an interlocutory order, but to guard against abuses in the execution of the decree. If, therefore, in a foreclosure suit, the decree of sale which finds the amount due, is not final, we are brought to this heresy, that the mortgagor may be deprived of his equity of redemption by means of a mere interlocutory order.

The Racine & M. R. R. Co. v. Farmers' Loan & T. Co., 70 Ill. 249, is very imperfectly reported and can not be admitted as authority for a doctrine contrary to that held by so many well considered cases. At most, it is only decided in that case, that the denial of a motion to set aside a foreclosure sale is not a final order. A cross-bill was still pending in the case, but what it alleged and prayed is not given in the report. Having decided that the decree of sale was final, it necessarily follows that the court had no power to enter the order of dismissal of April 21, 1880. Kihlholz v. Wolf, 8 Ill. App. 371.

The next question is whether the right to proceed with the

sale was barred by the lapse of seven years. Sec. 45, Chap. 22, R. S., provides that all decrees given in causes in equity shall be a lien on all real estate respecting which such decrees shall be made, and whenever, by any decree, any party to a suit in equity shall be required to perform any act other than the payment of money, or to refrain from performing any act, the court may in such a decree order that the same shall be a lien upon the real or personal estate, or both, of such party, until the decree shall be fully complied with; and that such lien shall have the same force and effect, and be subject to the same limitations and restrictions, as judgments at law. Karnes v. Harper, 48 Ill. 527, decides that it was only intended by that section to make the second class of liens therein described subject to the same limitations and restrictions as judgments at law. See also Roberts v. Lawrence, 16 Ill. App. 453.

Extended comment on appellant's third point may be dispensed with, as she is wrong both in premises and conclusion. What has been said in answer to her first point is a denial of the dismissal of the suit. That she was what the law recognized as a *bona fide* purchaser, can not be affirmed on this record. Through her attorney she had notice of the mortgages and decree. But as these were matters of record she was bound to know them. And more than that the evidence does not show that appellant paid for the premises more than about one-third of their value.

The decree is affirmed.

*Decree affirmed.*