### Bradner Smith & Company, and National Bank of Illinois, Impleaded, etc., v. Edna E. Mason.

1.   PRACTICE—*Void Rule to Answer.*—A rule to answer the petition made in the same order granting leave to file it, but directed to none of the parties to the suit, is void, and a default for want of answer to the petition is not warranted.

2.   SAME—*Issues to be Determined upon Evidence.*—Where an answer denying all the material allegations is filed to a petition for an order, an issue of fact arises upon which the right to the order depends, and it is error to grant the order without hearing evidence.

**Memorandum.**—Creditor's bill.   Appeal from the Circuit Court of Cook County; the Hon. WILLIAM G. EWING, Judge, presiding.   Heard in this court at the March term, 1894.   Reversed and remanded.   Opinion filed March 26, 1894.

. The opinion states the case.

WALKER & DAVIS, attorneys for appellants.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

The appellant, Bradner Smith & Company, a corporation, filed a creditor's bill upon a judgment recovered against

one Joseph Stolba, and made the Germania Safe Deposit Company and the appellee, Edna E. Mason, co-defendants with said Stolba.

It was charged by the bill, that, among other things, Stolba had made a certain fraudulent conveyance of real estate to said Mrs. Mason, and that she had reconveyed the same to him by an unrecorded deed, and that he had rented a box in the Germania Safe Deposit Company's vaults, in which was deposited the deeds to said real estate, and certain money and valuable securities belonging to himself.

A receiver was appointed of all the property and effects of said Stolba, and he demanded of the Safe Deposit Company the contents of the said box contained in its vaults, which demand was refused by the Deposit Company, except upon the further order of the court.

Thereupon the court granted leave to Mrs. Mason to file an intervening petition in the cause.

The petition set up that the box in the deposit vaults was rented for the joint use of Stolba and herself, and that she had, subsequently to the renting of the box, used it jointly with Stolba as a place of deposit of money and valuable papers, and that there then remained in said box upward of one hundred dollars in money which belonged to her, and prayed for an order permitting petitioner to take from said box a sum of money not exceeding one hundred and three dollars and certain deeds of real estate.

The petition purports to be verified, but the verification was an insufficient one. The verification was, in substance, like that condemned in Stirlen v. Neustedt, 50 Ill. App. 378.

No point, however, is made on the sufficiency of the verification, and we only allude to it now that it may be cured as against future objection.

On September 5, 1893, there was a rule to answer the petition made in the same order granting leave to file it, but the rule was directed to none of the parties to the suit, and merely reads: "The court also hereby grants leave to said Edna E. Mason to file her intervening petition of this

date with rule to answer by September 11th, A. D. 1893."
Such a rule required no one to answer the petition, and the
default of the complainants on September 14, 1893, for
want of answer to the petition, was not warranted, and
seems to have been ignored.

The Safe Deposit Company did, however, file its answer
to the petition, on September 11, 1893, and the complain-
ants and the receiver demurred thereto on October 13, 1893.

The demurrer of the complainants was overruled on Oc-
tober 13th, and they were ordered to answer instanter,
which they and the receiver did.

The answers so filed were verified, and denied in sub-
stance and in detail all the material allegations of Mrs.
Mason's petition, and thereby an issue of fact arose upon
which her right to the money depended.

With no evidence heard upon the issue so formed, the
court, on mere motion, ordered the receiver to turn over
to the solicitor, for Mrs. Mason, the deeds and one hundred
dollars in money, found in the box in the Safe Deposit
Company's vaults.

There was not a particle of evidence to warrant the order,
and it must be reversed in accordance with the rule laid
down in Baird v. Powers, 131 Ill. 66. Reversed and re-
manded.