## Gregory T. Van Meter, as Receiver of the Estate of Eli G. Runals (now deceased) and George F. Harding, Jr., as Administrator of the Estate of Eli G. Runals, Deceased, v. Horace H. Thomas, Isaac Simmons, Alice M. Kirby, Joseph Sherwin, William Hansbrough, Cecelia Reid, Annie M. Reid, Joseph J. Reid, Emanuel Sandheimer and W. Beach Taylor.

1. CHANCERY PRACTICE—*No Presumptions in Favor of Decrees.*—In chancery there are no presumptions in favor of the decree of the court below. The Appellate Court is supposed to have before it all that the court below had, except that where the decree recites the facts found, such recital will be presumed, in the absence of a certificate, to have been based upon sufficient evidence.

2. SAME—*Decree of Foreclosure Not Assignable.*—A decree of foreclosure can not be assigned so as to substitute the assignee to all the rights of the complainant in the foreclosure suit. The remedy of the assignee in such a case is by a bill to carry into execution the first decree.

MR. JUSTICE WATERMAN dissents.

**Memorandum.**—Foreclosure proceedings. Error to the Circuit Court of Cook County; the Hon. LORIN C. COLLINS, Judge, presiding. Heard in this court at the March term, 1894, and reversed. Opinion filed April 19, 1894.

The opinion states the case.

WM. J. AMMEN, attorney for plaintiffs in error.

Alexander S. Bradley, attorney for Horace H. Thomas and W. Beach Taylor, two of the defendants in error.

Mr. Justice Gary delivered the opinion of the Court.

May 1, 1875, Eli G. Runals filed this bill against Isaac Simmons et al., to foreclose a mortgage. March 1, 1876, a decree of foreclosure was entered, but stood unexecuted.

March 23, 1888, some papers were filed in the cause which, if genuine, of which there is no proof in the record, assigned the decree to W. B. Taylor.

The next day, without notice to, or appearance by anybody but the moving party, so far as the record shows, an order was entered as follows:

"Eli G. Runals      ⎫
         vs.            ⎬ Bill.
Isaac Simmons et al. ⎭    In this cause, on motion of H. H. Thomas and A. S. Bradley, solicitors for W. Beach Taylor, it appearing to the court, from the records remaining therein, that the decree of foreclosure in said case, entered March 1, 1876, directs, among other things, that one of the masters in chancery of this court do sell the mortgaged premises described in said decree, before the northwest door of the building now (then) occupied by this court as a court house, situated on the southeast corner of Adams and La Salle streets, in the city of Chicago, in said county, it is ordered by the court that Horatio L. Wait, one of the masters in chancery of this court, do sell said premises before the east main entrance on Clark street, of the building now occupied by this court as a court house, in accordance with law and the approval of said master; and it further appearing to the court that said W. Beach Taylor is the owner of all the right, title and interest in said decree of foreclosure and the subject-matter of said suit, by assignments duly filed in this court and entered in the records thereof, from complainant in this suit and Emanuel Sandheimer, who are declared in said decree to be entitled to the money arising from such sale; it is further ordered that said W. Beach Taylor be and he hereby is substituted to all the rights of said complainant and said Sandheimer

under said decree, and said master shall pay to said Taylor the proceeds arising from said sale, after deducting therefrom the costs of court and expenses of said sale."

In chancery there are no presumptions in favor of the decree below. This court is supposed to have before it all that the court below had, except that where the decree recites the facts found, such recital will be presumed, in the absence of a certificate, to have been based upon sufficient evidence. Frink v. Neal, 37 Ill. App. 621; Flagg v. Stowe, 85 Ill. 164; Baird v. Bowers, 131 Ill. 66.

Even with notice to all parties in the case, the method adopted by Taylor to get into the suit is without precedent; the course open to him was a bill to carry into execution the first decree. Dan. Chy., 1585.

And even on such a bill, and all parties summoned, a decree reciting, not facts, but only conclusions as to ownership, with no proof of genuineness of alleged documents, would not stand. Baird v. Powers, 131 Ill. 66.

This writ of error is prosecuted by Van Meter, as receiver, under a creditor's bill against Runals. He has no business meddling in matters in which he has no interest. See my separate opinion on rehearing in Gilbert v. Black, No. 5030. But the other plaintiff in error, George F. Harding, Jr., administrator of Runals, is *prima facie* entitled to the money obtainable under the foreclosure decree, and therefore may bring error to reverse a decree intended to deprive him of it. Bacon Abr., Error, B.

No objection having been made on a misjoinder, we regard it as waived.

The litigation between Kirby and Taylor, as shown by Kirby v. Runals et al., 37 Ill. App. 186, and 140 Ill. 289, is *res inter alios*, and if it could affect the writ of error, should have been pleaded.

The order and decree of March 24, 1888, is reversed at the cost of Taylor, but there is nothing to remand, as he is no party to the case below.

WATERMAN, J., dissents.