### John D. Adair v. Ida B. Adair.

1. DECREE—*Evidence to Sustain Must be Found in the Record, etc.*— Where the record contains no evidence tending to support the conclusion of the decree, it must be reversed. The recital of a conclusion is not the finding of a fact.

**Memorandum.**—Bill for divorce and cross-bill. Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed July 23, 1894.

BRIEF FOR PLAINTIFF IN ERROR, LUTHER LAFLIN MILLS, HOFHEIMER, ZEISLER & MACK, SOLICITORS.

The facts to be found by a decree, or order in chancery, must be "specific facts that were proved on the hearing." Marvin v. Collins, 98 Ill. 510; Moore v. School Trustees, 19 Ill. 82; Walker v. Carey, 53 Ill. 470; Walker v. Abt, 83 Ill. 226; McIntosh v. Saunders, 68 Ill. 128; Baird v. Powers, 131 Ill. 66; Drake v. Cockroft, 4 E. D. Smith, 37; White v. Morrison, 11 Ill. 361; Ward v. Owens, 12 Ill. 283; Osborne v. Horine, 17 Ill. 12.

BRIEF OF DEFENDANT IN ERROR, DUNCAN & GILBERT AND CHARLES W. GRIGGS, ATTORNEYS.

Where the decree states that proofs were heard, and then finds the facts, it will be presumed that the evidence justified the finding, unless the evidence appears in the record, and fails to prove the facts found. Cooley v. Scarlett, 38 Ill. 316; Preston v. Hodgen, 50 Ill. 56; Mauck v. Mauck, 54 Ill. 281.

Since the passage of the act allowing oral testimony in chancery cases, it has been held that the evidence, or the facts proved by it, ought, as before, to appear in the record. The same may be stated in the decree, in a bill of exceptions, in a certificate of the judge, or in master's report. McIntosh v. Saunders, 68 Ill. 128; White v. Morrison et al., 11 Ill. 361; Ward v. Owens et al., 12 Ill. 283; Smith v. Newland, 40 Ill. 101.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

On bill by the defendant in error and cross-bill by the plaintiff in error, both for divorce, the Circuit Court, on the 14th of July, 1893, entered this order or decree:

"This day come the parties by their respective solicitors, and thereupon the complainant moves the court for an order requiring the defendant to pay her alimony during the pendency of this suit, and the court having heard the evidence and arguments of counsel, and being now fully advised in the premises, the court finds that it is equitable and just that the defendant should pay the complainant the sum of fifteen dollars ($15) per week as alimony during the pendency of this suit, commencing from the first day of June, 1893, for the support of herself and the child of the complainant and defendant.

It is therefore ordered, adjudged and decreed by the court that the defendant pay to the complainant or to her solicitors, on the 20th day of July, A. D. 1893, the sum of one hundred and twenty dollars ($120), and on the Thursday of each and every week thereafter the sum of fifteen dollars ($15), as alimony, during the pendency of this suit, until the further order of this court."

The record contains no evidence tending to support the conclusion that it was "equitable and just that the defendant should pay the complainant the sum of fifteen dollars ($15) per week as alimony," nor is the recital of that conclusion a finding of any fact.

In substance it is like the recital in Baird v. Powers, 131 Ill. 66, "that the complainant is entitled to the relief," etc. The decree is reversed and the cause remanded.