## Nicholas Kransz v. Henry Kagebein.

1. INJUNCTIONS — *Damages on Dissolution—What the Decree Must Show.*—To sustain a judgment or decree for damages on the dissolution of an injunction, the record must show facts justifying it; such showing may be by a recital of the facts in the judgment or decree, but the recital must be of facts and not mere conclusions.

**Bill for an Injunction.**—Error to the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the October term, 1895. Reversed and remanded. Opinion filed October 31, 1895.

COLEMAN, WILLIAMS & LINDEN, attorneys for plaintiff in error.

STORY, WESTOVER & STORY and W. C. HOYER, attorneys for defendant in error.

Kransz v. Kagebein.

Mr. Presiding Justice Gary delivered the opinion of the Court.

Kransz filed his bill for an injunction and receiver, with power to prepare crops for market and sell them, against Kagebein, who was tenant of Kransz—the premises being a market garden.

Upon the bill an interlocutory injunction was granted and afterward dissolved, but the bill is still pending below on demurrer. All the argument here on behalf of Kransz, upon the merits of the whole case, is therefore premature, as the case is not here.

Upon suggestion of damages sustained by Kagebein by the injunction, the court found "that defendant (Kagebein) has sustained damages by reason of the issuance and service of said injunction, which the court here assesses at $116," and entered judgment thereon. That judgment only is brought before us by this writ of error.

It is conceded that to sustain a judgment or decree for damages sustained for an injunction the record must show facts justifying it. Such showing may be by a recital of the facts in the judgment or decree.

The recital must be of facts, not mere conclusions. Adair v. Adair, 54 Ill. App. 502.

It is contended that the above quotation is a sufficient recital of facts. We regard it as a recital of a conclusion. McGeoch v. Hooker, 11 Ill. App. 649.

Even that conclusion is simply "that the defendant has sustained damages," the amount of which is not recited as having been sustained, but only as being assessed. The recital is no better than the finding of "equitable and just" in the case cited, or the "entitled to relief" in Baird v. Powers, 131 Ill. 66.

The judgment is reversed and the cause remanded.