# J. E. Ricketts v. The Chicago Permanent Building & Loan Association et al.

67 — 71.<br>67 — 320.

1. COURTS OF CHANCERY—*Jurisdiction in Issuing Writs of Assistance.*—A court of chancery can not, in a proceeding to put a purchaser at a mortgage foreclosure sale into possession, try a question between totally independent titles.

2. EQUITY PRACTICE—*Affidavits, When a Part of the Record.*—Affidavits filed and read in a cause are a part of the record and do not require to be preserved by a certificate of evidence.

3. DECREES AND ORDERS—*Must be Supported by the Record.*—An order or decree in equity must find support and justification either in the facts sufficiently found by it or by evidence appearing in the record, and facts shown by the record can not be overcome by a recital of only a part of them in the order made. The whole record must be looked at.

4. WRITS OF ASSISTANCE—*When Improper to Award.*—When a party does not come into possession of premises *pendente lite,* under any party to the suit, but enters under one who was neither a party nor privy. claiming an independent title to the premises in question, it is error to award a writ of assistance against him.

**Foreclosure.**—Writ of assistance. Writ of error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded. Opinion filed November 5, 1896.

FIREBAUGH & DRAPER, attorneys for plaintiff in error.

DOW, WALKER & WALKER, attorneys for defendants in error.

A writ of assistance is the ordinary process used by a court of chancery to put a party, receiver, sequestrator or other person into possession of property when he is entitled thereto either upon a decree or interlocutory order. Beach, Modern Eq. Pr., Sec. 897.

"An application by the purchaser of land, sold under a decree of foreclosure for the writ of assistance to put him in possession of the land, is not the institution of a new suit, but is auxiliary or incidental to the decree previously entered whereby the rights of the parties have become fixed and determined." Vahle v. Brackenseik, 145 Ill. 231.

MR. PRESIDING JUSTICE SHEPARD DELIVERED THE OPINION
OF THE COURT.

This writ of error questions an order granting a writ of
assistance against the plaintiff in error, who was in posses-
sion of certain premises, which had been sold and bid in by
the defendant in error, and deeded to it, by virtue of and
under proceedings in a foreclosure suit to which the plaintiff
in error was not a party.

Although we might regard the affidavit of Marsh, referred
to in the order, that Ricketts was in possession of the prem-
ises through Draper as agent for Barrett, one of the parties
defendant, as being, if not denied, a sufficient justification
for the issuance of the rule against Ricketts to show cause
why he should not surrender possession, yet when, in
answer to such rule, it was shown to be untrue that Draper
was agent for Barrett, but that he was agent for one Brown,
who was the owner of an independent title to the premises,
which had been acquired through a sale of the premises for
taxes, and a tax deed thereof issued by the County Clerk to
Brown's grantor, neither Draper nor Brown, nor Brown's
grantor, being a party to the foreclosure suit, nor coming in
*pendente lite* under anybody who was a party—quite other
considerations arose.

It was made to appear that Ricketts held possession under
one holding a tax title, which, if valid, would be paramount
to the mortgage and everybody claiming through it; and
the chancery court could not, in a proceeding to put a pur-
chaser at the mortgage foreclosure sale into possession, try
a question between totally independent titles, such as was
thus presented.    Harding v. LeMoyne, 114 Ill. 65.

But it is said by defendant in error, that the insertion
into the record of the affidavits and lease read upon the
hearing of the application for a rule to show cause, was
without lawful sanction.

The rule in chancery is, that affidavits filed and read in a
cause are a part of the record, and do not require to be pre-
served by a certificate of evidence.    Dilworth v. Curts, 139
Ill. 508.

Again, it is said by defendant in error that the granting

of the writ rested in the sound discretion of the chancellor, and that the presumption that he wisely exercised his power in that regard, stands unrebutted. Whether such presumption is rebutted or not, depends upon what the entire record shows. Where the record contains evidence which establishes with certainty facts that show affirmatively that the order was an improvident one, the effect of such facts can not be overcome by a recital of only a part of them in the order made. The whole record must be looked at.

It is familiar doctrine that an order or decree in equity must find support and justification, either in the facts specifically found by it, or by evidence appearing in the record. First Nat. Bank v. Baker, 161 Ill. 281; Adair v. Adair, 54 Ill. App. 502; Baird v. Powers, 131 Ill. 66.

Although had there been nothing in the record except the affidavit of Marsh, it being recited that for what was thereby made to appear, the order was granted, we might say there was sufficient justification for awarding the writ of assistance, yet, it appearing from the other evidence, not denied, in the record, that an entirely different state of facts existed, and that Ricketts did not come into possession *pendente lite* under any party to the suit, but entered under one who was neither a party nor privy, claiming an independent title to the premises involved, we think it was clear error to award the writ. Terrell v. Allison, 21 Wall. 289; Howard v. Railway Co., 101 U. S. 837 (849); Frelinghuysen v. Colden, 4 Paige Ch. 204; Van Hook v. Throckmorton, 8 Paige Ch. 33.

The decree awarding the writ of assistance must, therefore, be reversed and the cause remanded.