## Charles A. Blythe and Cecelia A. Blythe v. G. Small.

1. EQUITY—*Usurious Mortgages.*—On a bill filed to foreclose a usurious mortgage, claiming to recover the usurious interest, upon payment into court of all that the mortgagee is entitled to, the bill should be dismissed at the mortgagee's costs.

Mortgage Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the October term, 1896. Reversed and remanded with directions. Opinion filed November 11, 1896.

EDWARD ROBY, attorney for appellants.

No appearance for appellee.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

The facts of this case seem to be that July 9, 1895, the appellants borrowed of the appellee $40, and gave seven small notes, amounting in all to $57, falling due at intervals—the last one, of $7, January 2, 1896. The appellee filed this bill January 21, 1896, to foreclose a chattel mortgage securing the notes given to him by the appellants upon all their household goods, claiming $34 as due and unpaid on the mortgage, and $15 attorney fees, provided for in the mortgage. The appellants had paid $23, and March 13, 1896, paid into court $20 more for the appellee.

Under the statute, the appellee had no right to more than $17. Sec. 6, Ch. 74, R. S.

On a bill filed to foreclose a usurious mortgage, claiming to recover the usurious interest, upon payment into court of all that the mortgagee is entitled to, and more, the bill should be dismissed at his costs.

The decree appealed from charges the appellants with $20 balance due, the costs of suit, and $88 custodian fees, with no facts in the record justifying the custodian fees, even if the appellants could be charged with them. Rick-

etts v. Chicago Per. Bldg. Assn., 67 Ill. App. 71; Adair v. Adair, 54 Ill. App. 502.

The finding in the decree that there is due from the appellants to the appellee $88 custodian fees, is but the finding of a conclusion (McGeoch v. Hooker, 11 Ill. App. 649), and a wrong conclusion at that, for the appellants should be charged with nothing but the unpaid portion of the principal sum loaned.

The decree is reversed and the cause remanded, with directions that, if the facts be as herein surmised, the bill be dismissed at appellee's costs.

The appellants recover their costs in this court.