## Bernhard Kihlholz

### v.

## Henry Wolff.

8  371<br>62  478

1.  Chancery—Power of court to change decree at subsequent term.—A court of chancery has no power to revise its original decree, at a subsequent term, by changing one of its directions in respect to possession of the mortgaged premises.  Such an alteration is not an error in fact, that may be cured by motion in the court below.

2.  Error in fact—Meaning.—"Error in fact" is a phrase of rather definite legal meaning.  It is error in the process such as non-age of the parties, and at common law, coverture of the plaintiff.

3.  Possession of mortgaged premises.—A defendant is entitled to possession of the mortgaged premises until the time for redemption expires, and the master's deed is executed, and it was error to enter a decree for possession upon the giving of the master's certificate of purchase.

Appeal from the Superior Court of Cook county; the Hon. John A. Jameson, Judge, presiding.  Opinion filed March 1, 1881.

Messrs. Dent & Black, for appellant; that exacting commissions of the borrower is an infraction of usury laws, cited Meagoe v. Simmons, 1 Mood. & M. 121; Condit v. Baldwin, 21 N. Y. 219; Bank of U. S. v. Owens, 2 Pet. 536; Reinback

v. Crabtree, 77 Ill. 182; Mitchell v. Lyman, 77 Ill. 525; Driscoll v. Tannock, 76 Ill. 154; Hine v. Handy, 1 Johns. Ch.—; Gates v. Hackethal, 57 Ill. 534.

Mr. W. D. BISHOPP and Mr. THOMAS MORRISON, for appellees; that a party may take from the borrower a reasonable compensation for services in procuring the money, when there is no intent to evade the law, if done at the request of the borrower, and with his express promise to pay, cited Thurston v. Cornell, 38 N. Y. 281; Shirley v. Spencer, 4 Gilm. 583; Eaton v. Alger, 2 Abb. App. 5; Beadle v. Munson, 30 Conn. 175; Harger v. McCulloch, 2 Denio, 119; First Nat. Bank v. Canstey, 34 Ind. 149; Brown v. Harrison, 17 Ala. 774; 3 Parsons on Contracts, 133; Tyler on Usury, 130; Haynes v. Fry, 15 Ves. 120; Palmer v. Boher, 1 M. & S. 56; Burden v. Parry, 2 T. R. 52.

Corrections of the record in the court below may be made after appeal: Morris v. Casner, 67 Ill. 536; Church v. English, 81 Ill. 442; People v. Quick, 92 Ill. 580; Freeman on Judgments, § 71; Doan v. Glenn, 1 Colo. 456; King v. State, 4 Ark. 188; Williams v. Caermarthen, 17 Eng. Rep. 341; Hawes v. Hawes, 33 Ill. 287; T. P. & W. R. R. Co. v. Butler, 53 Ill. 323; McCormick v. Wheeler, 36 Ill. 114.

McALLISTER, P. J. This was a proceeding upon bill, answer and replication, in chancery, to foreclose two certain deeds of trust to secure the payment of money, by appellant. The answer set up usury. The case was referred to the master upon the questions of usury, and the amount justly due and owing by appellant to appellee. On the master's report a decree was entered February 3, 1880, finding the amount due from defendant to complainant to be $4,080.10, which defendant was required to pay within one day from date of decree, with interest; and directed that in default of payment, the premises be sold by the master on notice, who should issue his certificate to the purchaser. After other directions in the usual form, the decree directs, that upon the delivery by the master of his certificate of purchase to the purchaser, the latter or his representative, be let into possession; and that any

party being in possession of the premises, shall surrender possession to such purchaser. It appears, and is conceded by counsel for appellee, that the amount found due was too large by $18.16. But there was no remittitur filed in this court. While this cause was pending here on appeal, and at a term subsequent to that, at which the original decree was entered, a motion was made in the court below, on behalf of appellee, and based on affidavit, to amend such decree in the particulars above mentioned. An order was there made Dec. 2, 1880, amending that decree in pursuance of the motion, and a transcript has been filed here, to obviate the errors assigned in respect to said matters.

It is clear the appellee could have obviated the error in the amount found due, by filing a remittitur in this court, but did not do so. We are not prepared to say that the court below was without authority to correct that mistake, if apparent upon the master's report at the time it was done. Weston v. Haggerston, Cooper R. 134, seems to go that length. Lilly v. Shaw, 59 Ill. 77; Hurd v. Goodrich, Ib. 450.

But we are of opinion that such court had no power, at a subsequent term, to revise its original decree, by changing one of its directions in respect to possession of the mortgaged premises. Such an alteration is not within any of the exceptions to the general rule, that a decree cannot be altered or amended at a term subsequent to that at which it was rendered. That rule is not affected by the statute abolishing writs of error *coram nobis*, and allowing errors in fact to be corrected upon the motion within five years. Fix v. Quinn, 75 Ill., 232; Coursen v. Hixon, 78 Ill. 339.

"Error in fact " is a phrase of rather definite legal meaning. Error in the judgment or decree itself cannot be regarded as error in fact. It is error in the process, such as non-age of the parties, and at common law coverture of the plaintiff. The writ of error returnable before the same court for the correction of errors in fact, never proceeded upon error of the judge or court. Tomlin's Law Dict. Tit. Error; 2 Sharswood's Blackstone, Book 3, p. 407, note 5; 2 Bouv. Law Dict. Tit. Writ of Error 2, p. 681.

The direction in the decree as to the defendant's surrendering possession to the purchaser, upon the latter obtaining the master's certificate of purchase, was in contravention of law. The defendant was entitled to possession during the period allowed for redemption, and until the master's deed was executed. The error was, therefore, one of law, and in the decree itself.

We are of opinion that the finding below upon the question of usury was not erroneous. The evidence is so conflicting we cannot say there was a preponderance in favor of appellant. But for the errors above indicated the decree of the court below will be reversed and the cause remanded, for further proceedings in conformity with the views herein expressed.

Reversed and remanded.