## EDWIN T. HUNT
## v.
## CHARLES W. BALDWIN.

*Practice—Appeal—Dismissal—Section 67, Practice Act.*

Complaint of irregularity by the Circuit Court in dismissing an appeal
from a justice for want of prosecution, is too late when made at a subse-
quent term.

[Opinion filed December 7, 1888.]

APPEAL from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding.

Messrs. BOOTH & BOOTH, for appellant.

Mr. PAYNE FITTZ, for appellee.

GARY, J.  At the September term, 1887, of the Circuit Court, this case being then pending there on appeal taken by the appellant from the judgment of a justice of the peace, by filing the appeal bond with the justice, that appeal was dismissed for want of prosecution.

At the following December term the appellant moved the court to set aside the order dismissing the appeal and re-instate the cause, which motion the court denied.  This appeal is from the order denying the motion.  The appellant claims that the order at the September term was wrong, because the appellee had not, before that order was made, entered any appearance in the cause, or paid any appearance fee, and cited Sec. 68, Chap. 79, R. S.

"In case the appeal from the justice of the peace is perfected by filing the papers and transcript of judgment ten days before the commencement of the term of the court to which the appeal is taken, the appearance of the appellee may be entered in writing and filed among the papers in the case; and if so entered ten days before the first day of the term of the court, the case shall stand for trial at that term."

In Smith v. Wilson, 26 Ill. 186, the Supreme Court held, that where the suit, pending on appeal from a justice, was irregularly dismissed for want of prosecution, the court had no authority at the next term to re-instate it.

To take the case out of the rule established by the class of cases of which Smith v. Wilson is one, appellant relies on Sec. 67 of the Practice Act.

"The writ of error *coram nobis* is hereby abolished, and all errors in fact committed in the proceedings of any court of

record, and which by the common law could have been corrected by said writ, may be corrected in the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice."

But if there was error in the action of the court at the September term (upon which point no opinion is expressed), it was error in law, deciding wrong on the facts appearing by the record and proceedings in the cause, and not in ignorance " of matters of fact, not appearing on the face of the record, which, if true, prove the judgment to have been erroneous." 2 Tidd's Prac. 1168.

In Fix v. Quinn, 75 Ill. 232, it is decided that complaint of irregularity in disposing of an appeal suit in the Circuit Court (though in that case it was held that the complaint was not well founded) comes too late at a subsequent term, and that the section of the statute last quoted has no application to the case. See also Kilholtz v. Wolff, 8 Ill. App. 371, as to what is error in fact.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*