R. DUNKELMANN

v.

H. BRUNNELL.

*Practice—Appeal and Error.*

1. In the absence of mistake or misprision a court can not set aside a judgment entered by it at a former term.

2. An order that an order of dismissal and judgment entered thereon on a certain date be set aside and vacated, is interlocutory and can not be appealed from.

[Opinion filed June 1, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding.

Messrs. HOYNE, FOLLANSBEE & O'CONNOR, for appellant.

No appearance for appellee.

Shepard, J.   This action, originally begun by appellant before a justice of the peace, was pending on an appeal by the appellee in the Circuit Court, and on the last day but one of the February term, 1891, was reached on the calendar.

The record of the Circuit Court shows that the case being called and the defendant not appearing, the appeal was ordered dismissed on motion of plaintiff's attorney for want of prosecution, and judgment entered against appellee for statutory damages for delay and costs.

On the fourth day of the March term, next ensuing, of said court, the defendant below (appellee in this court) moved to set aside the order of dismissal of the appeal and the judgment entered at the preceding term, and read in support of his motion certain affidavits, tending to show that the order and judgment were entered by mistake or misprision of the clerk, and that the order that was directed to be entered was one of continuance of the cause.   Upon the showing made, the Circuit Court, thereupon, at the March term, set aside the order and judgment entered at the February term and reinstated the appeal upon the docket.

Afterward, and at the September term, 1891, the case was again reached and called for trial, and the plaintiff, relying upon his position that the order entered at the March term vacating the order and judgment entered at the February term, and reinstating defendant's appeal, was void, offered no evidence, and the court dismissed the suit for want of prosecution, and gave judgment for costs against the plaintiff.

The order entered at the March term was merely interlocutory and could not have been appealed from, and the appeal from the judgment at the September term brings the entire record to this court.

The order vacating the judgment entered March 13, 1891, at the February term, is (omitting title) as follows:   "On motion of said defendant by his attorney, it is ordered by the court that the order of dismissal and judgment entered

herein on March 13, 1891, be and is hereby set aside and vacated, and that said appeal be and it is reinstated upon the docket of this court."

There is nothing in the record to show that the Circuit Court was without jurisdiction, both of the person and the subject-matter at the February term, when judgment against appellee was entered, and there was no contention that the judgment then entered was void for any cause.

Whatever may be the power of the Circuit Court at a subsequent term to amend or set aside a judgment entered by the mistake or misprision of the clerk, and upon what evidence, if any, outside of its own records, an amendment or vacation of the record of a judgment order for such cause may be made, it is apparent from an inspection of the vacating order already quoted that in this case the court did not find any such fact of mistake or misprision; and its power to set aside the judgment entered at a former term for any other cause did not exist. Smith v. Wilson, 26 Ill. 186; Fix v. Quinn, 75 Ill. 232; Cook v. Wood, 24 Ill. 295; Messervey v. Beckwith, 41 Ill. 452; Hunt v. Baldwin, 27 Ill. App. 446; Maple v. Havenhill, 37 Ill. App. 311.

The case will therefore be reversed and remanded, with directions to the Circuit Court to set aside the order entered on March 19, 1891, at the March term, setting aside and vacating the order and judgment entered March 13, 1891, at the February term.

*Reversed and remanded with directions.*