## George A. Chambers v. August Kirschoff et al.

1. FINAL JUDGMENT—*Order Dismissing an Appeal.*—An order dismissing an appeal is a final judgment, and a motion to set aside the order, not made at the term at which it is entered, can not be entertained at a subsequent term.

**Memorandum.**—Appeal from an order dismissing an appeal entered by the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the October term, 1894, and affirmed. Opinion filed March 5, 1895.

GEORGE W. BROWN, attorney for appellant.

WM. A. SCHONFELD, attorney for appellees.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

Whether the appeal from the judgment rendered by the justice of the peace was rightly dismissed by the Circuit Court, or not, is not the question involved on this appeal, although the question is one upon which most of the argument of counsel has been expended.

On June 2, 1894, which was of the May term, 1894, the Circuit Court dismissed the appeal from the justice's judgment for want of prosecution.

On June 21, 1894, which was of the June term, 1894, there was filed in the Circuit Court a motion by appellant to set aside the above mentioned order of dismissal, which was overruled. It is from this last order refusing to set aside the order of dismissal, entered at a previous term, that this appeal was prayed and allowed; and the only question before us is, was that motion properly refused? Knox v. Winsted Savings Bank, 67 Ill. 330.

The order dismissing the appeal was a final judgment. The motion to set aside that judgment was not made at the term at which the judgment was rendered, and it could not be entertained at a subsequent term. Baldwin

v. McClelland, 152 Ill. 42; Cox v. Brackett, 41 Ill. 222; Coursen v. Hixon, 78 Ill. 339; Cook v. Wood, 24 Ill. 295; 1 Black on Judgments, Sec. 306.

The motion to vacate the order of dismissal was properly overruled. Affirmed.