## Salve Peterson, doing business as S. Peterson & Co., v. Metropolitan National Bank, Marshall Field et al.

1. JUDGMENTS—*Can Not Be Amended in Matters of Substance After Term.*—After the final judgment, the court has no power to amend that judgment in matter of substance by entering a further judgment for damages and a *retorno habendo.*

2. PRACTICE—*Expunging Void Orders.*—The rule that the court may not, after the lapse of the term, modify or set aside its final judgment, except motion to that end be entered at the judgment term, has no application to the vacating of void orders, and motions to expunge them should be granted.

**Replevin.**—Appeal from the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1899. Reversed and remanded with directions. Opinion filed March 26, 1900.

HERBERT S. DUNCOMBE, attorney for appellant.

FRANK P. LEFFINGWELL, attorney for appellee.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

On November 19, 1898, which was the last day of the October term of the court below, the replevin suit of appellant against appellees was dismissed. No other order was entered upon that day, or of that term, except this order, which was a final adjudication in the cause.

On January 12, 1899, which was of the succeeding December term of that court, an order was entered upon motion of appellees, which motion had been filed upon December 17, 1898, modifying the judgment of the October term, 1898, so as to order a *retorno habendo* and to assess the damages of appellees at $35, and order an execution to issue therefor.

On the 23d of June, 1899, the appellant presented a motion to set aside all orders in the cause entered after the final judgment of the October term, 1898, and to quash the *retorno habendo,* and execution issued upon the order of January 12, 1899. This motion was denied.

It is obvious that after the final judgment of the October term, 1898, the court had no power to amend that judgment in matter of substance by entering a further judgment for damages and ordering a *retorno habendo.* It is hardly necessary to cite authorities upon this well established proposition.    Among the many decisions in point the case of Lill v. Stookey, 72 Ill. 495, is perhaps most nearly like the case here, in that it was a replevin suit, and the court undertook there, as here, to order a writ of *retorno habendo* after the expiration of the judgment term.

The only question remaining is as to whether the court should have granted the motion of appellant to expunge from the record all the void orders entered after the end of the October, 1898, term, and to quash the writs issued upon the order of January 12, 1896.    This motion should have been granted.    The rule that the court may not, after the lapse of the term, modify or set aside its final judgment, except motion to that end be entered at the judgment term, has no application to the vacating of void orders.    Keeler v. The People, 160 Ill. 179; Est. of Gould v. Watson, 80 Ill. App. 242.

The order of June 23, 1899, denying the motion to quash the writs is reversed and the cause is remanded with directions to vacate the order of January 12, 1899, and to quash the writ of *retorno habendo* and the execution issued upon such order.    Reversed and remanded with directions.