## Lewis W. Parker v. E. H. Macoy.

1. PRACTICE—*Setting Aside Judgments at Subsequent Terms—Void Judgments.*—The rule that the court is without jurisdiction to set aside a final judgment rendered at a prior term, does not apply to void orders or judgments.

Appeal, from the County Court of Cook County; the Hon. ORRIN N. CARTER, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed October 4, 1900.

Statement.—May 6, 1899, Lewis W. Parker, appellant, recovered judgment against E. H. Macoy, appellee, before a justice of the peace for a sum of $200 and costs, from which judgment appellee appealed to the County Court of Cook County by filing an appeal bond with the clerk of that court. October 27, 1899, Parker filed his appearance in the County Court. November 3, 1899, a certified transcript of the proceeding before the justice was filed in the cause. November 22, 1899, the cause was called for trial and the defendant, appellee here, failing to appear either in person or by attorney, the appeal was dismissed for want of prosecution at the defendant's costs, and judgment rendered against him for $20 damages; and January 4, 1900, the court, on motion of defendant Macoy, entered an order setting aside the judgment of November 22, 1899, and reinstating the cause. February 6, 1900, the cause being called for trial and the plaintiff, Parker, failing to appear either in person or by attorney, the suit, on motion of Macoy, the defendant, was dismissed. From this judgment Parker appealed.

PARKER & PAIN, attorneys for appellant.

THOMAS S. HOGAN, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The November term, 1899, of the County Court, commenced November 13th. The appellant, who was plaintiff in that court, having filed his appearance in the cause October 27, 1899, and the transcript of the proceedings before the justice having been filed November 3, 1899, ten days before the commencement of the term, as required by the statute, the court had jurisdiction of the persons of the parties and the subject-matter, and the judgment dismissing the appeal, etc., was a final judgment, which the court was powerless to set aside at a subsequent term, except, perhaps, for error in fact on motion in the nature of error *coram nobis*. There was no such motion made, nor does anything appear in the record which would support such motion, if made. January 4, 1900, was a day of the December term of the court. The order reinstating the cause, made at that term, was not appealable, but the appeal from the judgment of February 6, 1900, brings the entire record here and presents the question of the validity of the order of January 4, 1900. Dunklemann v. Brunnell, 44 Ill. App. 438.

The order of January 4, 1900, is clearly void, having been made at a term subsequent to that at which final judgment was rendered. Dunklemann v. Brunnell, *supra*, and cases cited.

That order being void, it follows necessarily that the judgment of February 6, 1900, was also void. The rule that the court is without jurisdiction to set aside a final judgment, rendered at a prior term, does not apply to void orders or judgments. Keeler v. The People, 160 Ill. 179, 182; Peterson v. Metropolitan Bank, 88 Ill. App. 190.

The judgment of February 6, 1900, appealed from, will be reversed and the cause remanded with directions to the trial court to vacate and set aside that judgment, and also

the order of January 4, 1900, reinstating the cause, and to issue a writ of *procedendo* to the justice who rendered the judgment appealed from to the trial court. Reversed and remanded with directions.