Henry Gunn, Appellant, v. J. R. Britt, Appellee.

Opinion filed November 1, 1941.
Modified opinion and rehearing denied February 3, 1942.

J. KELLY SMITH, of Mounds, for appellant.

DONALD A. MILLER, of Cairo, for appellee.

MR. PRESIDING JUSTICE STONE delivered the opinion of the court.

This is an appeal by Henry Gunn, appellant (hereinafter designated as plaintiff) from an order of the circuit court of Pulaski county, dismissing an appeal from the court of a justice of the peace, in which court, J. R. Britt, appellee (hereinafter designated as defendant) was defendant and said Gunn was plaintiff. Judgment was entered in the justice of the peace court, in favor of plaintiff in the sum of $292 and costs of suit, from which appeal was taken by defendant. On April 24, 1940, one of the days of the April term of the circuit court, of Pulaski county, after the case was regularly set for trial, said case was reached on the call. Neither defendant or his counsel being present in court, motion was made to dismiss the appeal by the attorney for the plaintiff. Motion was allowed and the appeal dismissed, with *procedendo* to the justice of the peace.

After the adjournment of the April term, on August 22, 1940, during the July term of the court, attorney for the defendant filed his motion to vacate the order dismissing the appeal, date of April 24, 1940, and to reinstate the case on the docket for trial. On August 27, 1941, plaintiff filed his motion to strike the above motion. By agreement of parties both motions were heard together. The trial court overruled plaintiff's motion to strike and sustained defendant's motion to vacate the order dismissing the appeal. From that particular order this appeal is prosecuted.

It is argued on behalf of plaintiff that the court was without jurisdiction to enter the order complained of, owing to the fact that more than 30 days had elapsed since the entry of the original judgment dismissing the appeal.

Motion to reinstate filed on behalf of the defendant, stated that defendant was not notified and did not have knowledge or notice of the setting of this case for trial in the circuit court; that defendant was represented in the trial before the justice of the peace by Attorney C. S. Miller, now deceased; that the court docket had

no notation of the name of counsel for defendant; that plaintiff and his attorney both knew that defendant was represented by counsel at the trial before the justice of the peace and also that Donald A. Miller had taken over the legal matters of Attorney C. S. Miller, deceased; that said Donald A. Miller had no notice or knowledge of the case being set for trial; that the first knowledge or notice of the calling of this case for trial and dismissal of defendant's appeal which was had by either defendant or his attorney, Donald A. Miller, was when a writ of execution was served on defendant. The motion also avers that defendant had a meritorious defense, and briefly sets up the facts alleged to constitute such defense.

The motion filed on behalf of plaintiff avers that a full, fair trial of the case was had on the merits in the justice of the peace court, that the appeal had been pending for more than two years in the circuit court with no effort on the part of defendant to bring said appeal to trial; that the case was regularly set for trial at the April term of the circuit court, and that printed or typewritten notices of the setting was sent to all attorneys, including counsel now appearing for defendant; that on the day of trial plaintiff was present in person with numerous witnesses, and no one appearing for defendant, on motion of plaintiff appeal was dismissed.

On the hearing of the two motions, defendant was called and testified in substance, that he had paid but very little attention to this matter; that last April he had read in the newspaper about the appeal in this case having been dismissed and came down to the court house to see about it, and when he found it was his case went home and gave it no further attention; that he had never employed an attorney to represent him and had no intention of so doing.

An order dismissing an appeal from a justice court is a final judgment. *Chambers v. Kirschoff,* 57 Ill. App. 615; *Smith v. Wilson,* 26 Ill. 186; *Fix v. Quinn,* 75

Ill. 232; *Hunt v. Baldwin,* 27 Ill. App. 446; section 50, subparagraph 7 of the Practice Act (Ill. Rev. Stat. 1939, ch. 110, par. 174) Jones Ill. Stats. Ann. 104.050 provides as follows, ''The court may in its discretion before final judgment, set aside any default, and may within thirty days after entry thereof set aside any judgment or decree upon good cause shown by affidavit, upon such terms and conditions as shall be reasonable.'' This does not necessarily mean that upon the expiration of the 30 days prescribed, no final judgment might be set aside, for section 72, paragraph 196, Ill. Rev. Stat. 1939, ch. 110; Jones Ill. Stats. Ann. 104.072 of the Practice Act further provides, ''The writ of error coram nobis is hereby abolished, and all errors of fact, committed in the proceedings of any court of record, and which, by the common law, could have been corrected by said writ, may be corrected by the court in which the error was committed, upon motion in writing, made at any time within five years after the rendition of final judgment in the case, upon reasonable notice.'' To be considered in connection therewith also, is the provision of chapter 77, Judgments, Decrees and Executions, paragraph 84 thereof, Ill. Rev. Stat. 1939, Jones Ill. Stats. Ann. 104.101 which provides, ''Any such judgment, decree or order may hereafter be modified, set aside or vacated after the expiration of such thirty days in the same cases, to the same extent and by the same modes of proceedings as, under the law heretofore in force, it might have been modified, set aside or vacated after the expiration of the term of court at which it was rendered.''

In *People v. Thon,* 374 Ill. 624, the court said, ''It is a fundamental rule where a final judgment has been rendered in a cause and the term has expired, the court no longer has jurisdiction to change the judgment nor to enter any further order in the cause. (*People v. Drysch,* 311 Ill. 342; *People v. Lyle,* 329 id. 418; *People v. Collins,* 353 id. 468.) This rule does not apply where

there is any error in fact that might have been corrected at common law by a writ of error *coram nobis* or upon motion in writing made under section 72 of the Civil Practice act. (*People v. Crooks*, 326 Ill. 266.)''

It is apparent from a consideration of these statutory provisions that the expiration of 30 days after final judgment is not the sole criterion in the determination of the question as to whether or not the court erred in setting aside the order of dismissal. Counsel for defendant maintain that the order vacating the order of dismissal and reinstating the case was properly made in accordance with the statute, being a proceeding in the nature of a writ of *coram nobis* properly setting forth facts which give rise to every strong inference of fraud on the part of plaintiff, as well as excusable mistake upon the part of defendant.

Such errors of fact which might be available under section 72 of the Practice Act include duress, fraud and excusable mistake. Fraud on the part of the opposing party, or his counsel that prevents one from making his defense is such an error of fact as can be availed of, on writ of error *coram nobis,* or under the statute aforesaid. *Chapman v. North American Life Ins. Co.,* 292 Ill. 179; *Ernst Tosetti Brewing Co. v. Koehler,* 200 Ill. 369.

As this appeal must be dismissed we express no opinion of the judgment of the trial court in its ruling on the motion to reinstate and the motion to strike said motion. After further consideration of this cause we are of the opinion that the order from which appeal was attempted was not a final appealable order. The appeal, therefore, is dismissed.

*Appeal dismissed.*